JUDITH B. NIEVA & CO., S.–C., v. DOMENECH, Treasurer of Puerto Rico, et al.

No. 3109.

Circuit Court of Appeals, First Circuit.

May 23, 1936.

982

Jaime Sifre, Jr., of San Juan, Puerto Rico, and Oscar Souffront, of Mayaguez, Puerto Rico, for appellant.

William Cattron Rigby, of Washington, D. C. (B. Fernandez Garcia, of San Juan, Puerto Rico, and Nathan R. Margold, of Washington, D. C., on the brief), for appellees.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from a judgment of the Supreme Court of Puerto Rico of February 2, 1934, reversing a judgment of the district court of Mayaguez in favor of the plaintiff and dismissing the complaint.

The complaint is a proceeding brought under Act No. 47 of the Legislature of Puerto Rico of April 27, 1931, authorizing declaratory judgments, in which the plaintiff prays a judicial decree or declaration as to the constitutionality of the provisions of section 30 of the Workmen's Accident Compensation Act, No. 85, of May 14, 1928, as amended by Act No. 49 of April 28, 1930.

It has been brought to our attention that, since the allowance of this appeal on April 30, 1934, the Legislature of Puerto Rico, by Act No. 45, approved April 18, 1935 (section 51), has repealed Act No. 85 of May 14, 1928, as subsequently amended, except so far as it related to the decision and liquidation of cases pending under said act, and as to those, by sections 40 to 47 of the act of 1935, it has vested the authority and power to determine those matters in the Industrial Commission and the manager of the state fund, offices created and established under the repealing act of April 18, 1935. It thus appears that not only section 30 here sought to be construed and declared unconstitutional has been repealed, but that the offices held by the commissioners of the Industrial Commission and the superintendent of insurance

under Act No. 85 of May 14, 1928, have been abolished. It further appears that the power conferred upon the treasurer of Puerto Rico by section 38 of Act No. 85 of May 14, 1928, so far as it authorized and directed him to levy and assess the annual premiums, determined as in that act provided, has been taken away from the treasurer, and, by section 25 of the act of April 18, 1935, vested in the manager of the state fund, a new office created under the act of April 18, 1935; and the question arises whether, in view of these facts, the proceeding has not abated, or in any event become moot.

■ The defendants Juan Herrero, Manuel Leon Parra, and Francisco Paz Granela were members of the Industrial Commission created by the repealed act of 1928, and, as alleged in the complaint, were authorized to carry out and enforce its provisions, "with jurisdiction of and entrusted with the decision of all cases connected with workmen's compensation for accidents while working subject to the provisions of said Act No. 85." The defendant Augusto R. Soltero is sued as the "encumbent of the position of superintendent of insurance" under the act of 1928; and the defendant Manuel V. Domenech is sued as the treasurer of Puerto Rico empowered and authorized by virtue of the provisions of said act "to levy, assess and collect from every employer * * * the annual premium to be determined in accordance with the provisions of this Act," etc. Inasmuch as the offices of commissioner of the Industrial Commission under Act No. 85 and that of superintendent of insurance, likewise created thereunder, have been abolished, and the treasurer of Puerto Rico has been stripped of the power to levy and assess the premiums, we think that this proceeding has abated for lack of parties defendant; but, if this is not so, that the parties necessary to the determination of the questions presented are not before us and that this appeal should be dismissed.

■ Then again, if the necessary parties could be said to be before us, inasmuch as section 30 of Act No. 85 of May 14, 1928, has been repealed, we fail to see wherein its interpretation would avail anything, if the complaint and answer could be said to present a controversy which this court could entertain on appeal. United States v. West Vir-

ginia, 295 U.S. 463, 473–475, 55 S.Ct. 789, 79 L.Ed. 1546; Liberty Warehouse Co. v. Grannis, 273 U.S. 70, 73, 47 S.Ct. 282, 71 L.Ed. 541; Fairchild v. Hughes, 258 U.S. 126, 42 S.Ct. 274, 66 L.Ed. 499. The complaint, however, does not state a controversy between the plaintiff and the defendants. It sets forth no right of the plaintiff that the defendants have violated or threatened to violate, and seeks no money judgment. It asks only for a declaratory decree as to the meaning and constitutionality of section 30, for the guidance of the plaintiff as an employer and other employers similarly situated.

The appeal is dismissed, with costs in this court to the appellees.