Ramón Montaner, en su carácter de Administrador del Fondo del Seguro del Estado, recurrente, *v.* La Comisión Industrial de Puerto Rico, compuesta por los señores Manuel León Parra, Presidente, y F. Paz Granela y Juan M. Herrero, Comisionados Asociados, recurrida; y Ramón Luis García Robles, lesionado.

Núm. 33.—*Sometido:* Mayo 2, 1938. *Resuelto:* Julio 13, 1938.

*Hon. Procurador General B. Fernández García, Emilio de Aldrey, Procurador General Auxiliar y Luis Negrón Fernández,* abogado éste del Fondo del Seguro del Estado, abogados del recurrente; *Virgilio Brunet,* abogado del lesionado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

De los hechos incontrovertidos de este caso se desprende que el menor Ramón Luis García Robles sufrió un accidente mientras se hallaba en el curso de su empleo; que al momento del accidente él tenía 14 años de edad y estaba empleado sin que su patrono hubiera obtenido el permiso requerido por la Sección 8 de la Ley núm. 75 de 1921 (leyes de ese año, pág. 679) para reglamentar el empleo de menores.

Surgió la cuestión de si dicho menor, que era de edad "permisible" de empleo, estaba protegido o cubierto por la Ley de Indemnizaciones a Obreros (Núm. 45 de 1935, (1) pág. 251). El Administrador del Fondo del Seguro del Estado denegó la compensación, fundándose en que al tiempo

del accidente el empleo del menor era ilegal y que por ende no estaba comprendido por la Ley de Seguro del Estado. Al apelarse para ante la Comisión Industrial la decisión del Administrador fué revocada y la compensación concedida. El Administrador del Fondo del Seguro del Estado recurrió para ante este tribunal y señala tres errores, que en realidad pueden reducirse a uno.

■■ La única cuestión a determinarse es si el menor tiene derecho a estar protegido por la Ley de Indemnizaciones a Obreros de 1935, supra. El punto no ha sido resuelto en esta jurisdicción, mas hay abundante jurisprudencia en los distintos Estados de la Unión. La regla general seguida por la mayoría de los Estados es que el empleo que tienen por mira las disposiciones de las leyes de indemnizaciones a obreros, es un empleo legal y que semejantes estatutos no son aplicables a casos en que un menor cuyo empleo es ilegal sufre lesiones. Véanse 14 A.L.R. 825; 33 A.L.R. 341; 49 A.L.R. 1436; 60 A.L.R. 848; y 83 A.L.R. 420 y los casos allí citados.

Se desprende igualmente que con la posible excepción de Wisconsin, Washington y Nueva York, las cortes no han reconocido ninguna distinción entre el empleo de un menor que en manera alguna puede ser empleado legalmente y el de un menor que puede ser empleado bajo determinadas condiciones de trabajo o con un permiso especial, cuando tal permiso no se obtuvo o no se cumplieron tales condiciones. Pueden consultarse las mismas notas arriba citadas de American Law Reports.

Es cierto, según hace constar la Comisión Industrial en su opinión, que muchos de los estatutos que se han interpretado en la forma que se dice más arriba, contenían disposiciones que expresamente limitaban la aplicación de tales estatutos a menores a quienes se permitía legalmente trabajar bajo las leyes del Estado. Se da mucho énfasis al hecho de que nuestra Ley de Indemnizaciones a Obreros no contiene expresamente tal limitación. El artículo 38 de la Ley de

Indemnizaciones a Obreros vigente, al definir las palabras "obrero" o "empleado," dispone:

"Se entiende por 'obrero' o 'empleado' toda persona al servicio de cualquier individuo, sociedad o corporación que emplee regularmente obreros comprendidos bajo las disposiciones de esta Ley; *Disponiéndose,* que se excluyen expresamente los obreros y empleados dedicados al servicio doméstico y aquéllos cuya labor sea de un carácter accidental o casual y no esté comprendida dentro del negocio, industria, profesión u ocupación, aquéllos que trabajen en sus domicilios, y los de patronos exentos de las obligaciones de esta Ley.

"Las palabras 'obrero' o 'empleado' incluyen a todo trabajador que se emplee en cualquier establecimiento u ocupación fabril, comercial o agrícola por una persona natural o jurídica por alguna compensación, y por el Gobierno Insular o cualquiera de sus dependencias, de acuerdo con los fines de esta Ley."

El empleado y la Comisión Industrial sostienen que la anterior definición es lo suficientemente amplia para que incluya a cualesquiera menores que estén efectivamente empleados.

El artículo 8 de la Ley núm. 75 de 1921, supra, dispone, sin embargo, lo siguiente:

"Ningún niño de catorce y menor de diez y seis años será empleado, ni se le permitirá ni tolerará que trabaje en ninguna ocupación lucrativa ni en relación con ella, excepción hecha del trabajo doméstico y en granjas y jardines a menos que su patrono procure y conserve en sus archivos, y accesible para cualquier funcionario, inspector u otra persona autorizada para obligar o ayudar a obligar al cumplimiento de esta Ley, un permiso para trabajar durante el curso escolar expedido de acuerdo con lo que más adelante se dispone en esta Ley, y que fije una lista completa de todos estos niños empleados en tal ocupación en un sitio visible del local donde tales niños están empleados."

No hay duda alguna en este caso que no se dió cumplimiento a las disposiciones del artículo anterior.

Ha habido casos que han resuelto que los menores ilegalmente empleados deben ser considerados como que tienen derecho a estar protegidos por la Ley de Indemnizaciones a

Obreros bajo el supuesto "amplio y humanitario fin de la ley, de dar un remedio seguro y rápido a aquéllos que sufren lesiones en la industria y a los que de ella dependen." *Pierce's Case,* 267 Mass. 208; 166 N. E. 636. Creemos que la política de la Ley para Reglamentar el Empleo de Menores, aprobada para proteger la salud y el desarrollo de los niños, es mejor fomentada con una interpretación de la Ley de Indemnizaciones a Obreros que esté en armonía con los principios expresos de tales leyes de menores, conforme las mismas estaban en vigor al tiempo en que la actual Ley de Indemnizaciones a Obreros fué aprobada. No debe uno olvidar, que el contrato de seguro existe entre el empleado y el Fondo del Estado, y que el empleado es tan sólo un beneficiario que no tiene, o no debe tener, derechos de clase alguna a menos que el patrono haya cumplido con todas las condiciones del contrato de seguro. Si al menor se le priva de su recurso bajo la Ley. de Indemnizaciones a Obreros, él tiene aún derecho a acudir ante los tribunales contra su patrono.

En nuestra opinión la Ley de Indemnizaciones a Obreros tiene por mira proteger a un empleado que ha sido legalmente contratado y no a aquél en cuyo empleo ha habido alguna violación de la ley. Un menor que está entre los 14 y los 16 años y para cuyo empleo no se ha obtenido permiso, se halla en la misma posición que uno que tiene menos de 14 años y se le emplea en violación de la Carta Orgánica y de la Ley para Reglamentar el Empleo de Menores, de 1921. El empleo de cada uno de esos menores está en violación de la ley y por tanto resolvemos que no fué la intención que estuvieran cubiertos por el Fondo del Estado.

Convenimos con el recurrente, en que la Ley para Reglamentar el Empleo de Menores ha de ser tomada en consideración al interpretar la Ley de Indemnizaciones a Obreros. Es cuestión de bienestar público, así como de política pública, que tan sólo aquellos menores que están debidamente capacitados para el trabajo a tenor de la Ley para Reglamentar el Empleo de Menores, sean empleados. El permitir que los

patronos ocupen menores de edad y el otorgar tanto al patrono como al empleado los privilegios de la Ley de Indemnizaciones a Obreros tendería a alentar más bien que a desalentar el empleo de menores. Este principio está sostenido por los siguientes casos: *Messmer* v. *Industrial Board,* 282 Ill. 562; 118 N. E. 993; *Rock Island Coal Mining Co.* v. *Gilliam,* 213 P. 833, 89 Okla. 49; *Widdoes* v. *Laub,* 129 A. 344, 33 Del. 4; *Lincoln* v. *National Tube Co.,* 112 A. 73, 268 Pa. 504 y muchos otros.

En el caso de *Tilgham Co.* v. *Conway,* 133 A. 593, la corte dijo:

". . . . El resultado de una condición en que se emplea o permite que trabaje en una fáblica a un menor entre 14 y 16 años, sin que tenga un certificado de empleo, es igual que si el menor tuviera menos de 14 años. En ambos casos el empleo es ilegal por estar específicamente prohibido por aquellas secciones del artículo 100 del Código arriba citado. Viéndose, pues, que el empleo es ilegal y que está prohibido por la ley positiva, ¿comprende y son aplicables a tales personas las disposiciones de la Ley de Indemnizaciones o Obreros? Creemos que no."

El caso contiene una discusión detallada del problema que ahora está ante nos y un buen análisis de los varios casos principales sobre la materia.

La interpretación que estamos dando, creemos redunda en beneficio de los menores y es consistente con los mejores principios de derecho.

*Por las razones antes expuestas debe revocarse la resolución de la Comisión Industrial.*

El Juez Asociado Señor De Jesús no intervino.