RAMÓN MONTANER, en su carácter de ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO, recurrente, *v.* LA COMISIÓN INDUSTRIAL DE PUERTO RICO, compuesta por los señores MANUEL LEÓN PARRA, PRESIDENTE, y F. PAZ GRANELA y JUAN M. HERRERO, COMISIONADOS ASOCIADOS, recurrida; y RAMÓN LUIS GARCÍA ROBLES, lesionado.

Núm. 33.—*Sometido:* Noviembre 7, 1938. *Resuelto:* Enero 17, 1939.

*Hon. Procurador General B. Fernández García, Emilio de Aldrey Procurador General Auxiliar y Luis Negrón Fernández y Gui-*

*llermo Atiles Moréu* abogados los dos últimos del Fondo del Seguro del Estado, abogados del recurrente; *Virgilio Brunet,* abogado del lesionado.

EL JUEZ ASOCIADO SR. WOLF emitió la opinión del tribunal

El artículo 8 de la Ley núm. 75 de 1921 (Leyes de ese año, pág. 679) para reglamentar el empleo de menores, requiere del patrono que emplee menores entre las edades de catorce y diez y seis años que "procure y conserve en sus archivos" un permiso especial obtenido del Departamento del Trabajo autorizando a tales menores a que trabajen durante el curso escolar. Estamos ante el caso de un accidente ocurrido a un niño de catorce años, empleado en violación del precepto anterior. ¿Protege a tal menor la ley de compen-saciones por accidentes del trabajo? El Administrador del Fondo del Estado negó originalmente la indemnización fun-dado en que la ley no cubría a obreros ilegalmente emplea-dos. La Comisión Industrial revocó al administrador y con-cedió la indemnización solicitada.

En julio 13, 1938, revocamos la decisión de la Comisión Industrial (53 D.P.R. 518), pero más tarde dejamos sin efecto nuestra sentencia y concedimos una nueva vista, que fué cele-brada el 7 de noviembre de 1938. La situación envuelta en el presente recurso ofrece fuertes motivos para decidir la controversia en una u otra forma. Luego de dos amplias dis-cusiones de la cuestión, nos inclinamos en favor de la posición asumida por la Comisión Industrial.

La ley de compensaciones por accidentes del trabajo, de 1935 (núm. 45 de ese año, pág. 251) dispone que por "obrero" o "empleado" se entenderá toda persona al servicio de cual-quier individuo, sociedad, etc. También provee que "las palabras 'obrero' o 'empleado' incluyen a todo trabajador que se emplee en cualquier establecimiento u ocupación fabril, comercial o agrícola por una persona natural o jurídica por alguna compensación, y por el Gobierno Insular o cualquiera de sus dependencias, de acuerdo con los fines de esta Ley."

De conformidad con el contexto que antecede, un niño de catorce años, aunque esté empleado sin el permiso, es un "obrero" o "empleado" según la ley. La prohibición contenida en el artículo 8 de la ley para reglamentar el empleo de menores, supra, lee así:

"Ningún niño de catorce y menor de diez y seis años será empleado, ni se le permitirá ni tolerará que trabaje en ninguna ocupación lucrativa ni en relación con ella, excepción hecha del trabajo doméstico . . . *a menos que su patrono* procure y conserve en sus archivos, y accesible para cualquier funcionario, inspector u otra persona autorizada para obligar o ayudar a obligar al cumplimiento de esta ley, un permiso para trabajar durante el curso escolar expedido de acuerdo con lo que más adelante se dispone en esta ley. . . ." (Itálicas nuestras).

De la disposición que antecede puede verse que el requisito ha de cumplirse por el patrono. Al menor no se le impone deber alguno. La inferencia que puede hacerse de la fraseología del artículo es, además, que a quien incumbe el no permitir o autorizar que el menor trabaje para él bajo tales circunstancias es al patrono. Tanto el castigo (véase artículo 19) como la limitación van dirigidos al patrono. El contrato de trabajo puede ser exigido por el menor en lo que al sueldo devengado se refiere.

De la publicación presentádanos en reconsideración (Publicación núm. 214 del Departamento del Trabajo de los Estados Unidos, intitulada "The Illegally Employed Minor and the Workmen's Compensation Law") se desprende que hay quince Estados de la Unión que, al igual que nuestra jurisdicción, no tienen disposición específica sobre menores en su ley de compensaciones por accidentes del trabajo. Nueve de estos Estados, o sea Connecticut, Massachusetts, Ohio, Idaho, Kansas, Maine, New Hampshire, New Mexico y Wyoming han decidido incluir al menor ilegalmente empleado. El Distrito de Columbia ha hecho lo mismo. Seis Estados han excluído a tales menores del palio de la ley de indemnizaciones a obreros. Éstos son Delaware, Iowa, Oklahoma, South Dakota,

Tennessee y Vermont. También es cierto que sólo en ocho Estados ha sido llevada ante los tribunales la cuestión que ahora está ante nos, y que los otros han actuado administrativamente.

Si ponemos en una balanza el gravamen impuesto al menor lesionado que es así empleado, al tener que acudir a los tribunales, y en otra la carga impuesta al fondo de seguro, al ser el menor protegido, hallamos que el primer gravamen es el mayor de los dos. Aun podría procesarse al patrono bajo la ley para reglamentar el empleo de menores, y el número de accidentes de esta naturaleza es tan exiguo que su efecto sobre el Fondo del Seguro del Estado o sobre el riesgo y la responsabilidad relativos de otros patronos que estén en igual categoría puede ser pasado por alto.

Si los menores de edad que pueden ser empleados mediante permiso reciben lesiones, ellos deben estar protegidos por los términos de la ley de compensaciones por accidentes del trabajo, puesto que son tan "obreros" bajo la ley como uno mayor de edad. El estatuto no hace distinción alguna. Las consecuencias de la omisión del patrono no deben ser sufridas por el menor. Hasta que la Asamblea Legislativa exprese su intención de excluir del campo de la ley de indemnizaciones a obreros a los menores empleados ilegalmente, a éstos no debe negársele tal protección.

*Por las razones antes expuestas, la decisión de la Comisión Industrial debe ser confirmada.*