TRANSPORTATION SERVICE Co., recurrente, *v.* COMISIÓN INDUS-
TRIAL DE PUERTO RICO, ETC., demandada.

Núm. 360.—*Sometido:* Julio 1, 1946. *Resuelto:* Julio 11, 1946.

*M. León Parra,* abogado del recurrente; *Frank Torres,* abogado de
los beneficiarios del obrero.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tri-
bunal.

El obrero José Antonio García trabajaba como peón de
*truck* con el patrono Transportation Service Company. En
el curso de su trabajo, el 7 de abril de 1945, mientras el
camión viajaba de Adjuntas para Ponce, García cayó a la
carretera pasándole por la cabeza las ruedas del camión, a
consecuencias de lo cual murió instantáneamente. El patrono
estaba asegurado y al investigar el caso el Administrador
del Fondo del Estado, concedió a los padres del obrero, sus
únicos beneficiarios, una compensación de $2,275. No estu-
vieron éstos satisfechos y recurrieron para ante la Comisión
Industrial, donde alegaron que, como el obrero tenía para
la fecha del accidente la edad de 17 años, 4 meses y 13 días,
su empleo había sido en violación de la ley prohibiendo el
trabajo de menores y reclamaron el derecho a compensa-
ción adicional por parte del patrono, en una cantidad igual
a la concedida por el Administrador del Fondo del Estado.
Invocaron el párrafo 5 del art. 3 de la Ley de Compensa-
ciones por Accidentes del Trabajo (Leyes de 1935 (1) pág.
251), según quedó enmendada por la Ley núm. 162 de 1943
(pág. 525), el cual en lo pertinente, prescribe:

"En caso de obreros menores de diez y ocho (18) años empleados en contravensión a las leyes regulando el empleo de menores vigentes a la fecha del empleo, que sufrieren lesiones, o enfermedades ocupacionales de acuerdo con los términos de esta Ley, la compensación que les corresponda por cualquier incapacidad permanente a que quedaren afectos, o a sus beneficiarios en casos de muerte, será el doble del importe correspondiente a un obrero de diez y ocho (18) años empleado legalmente; Disponiéndose, que la doble penalidad a que se refiere esta sección no será aplicable al caso de un patrono que sea inducido a error por la apariencia física del menor o por una declaración jurada hecha con anterioridad al empleo del menor por el padre, por la madre, o por el tutor o encargado del menor, en que se haga constar que éste es mayor de edad. . . ."

El patrono, a su vez, alegó que al emplear al obrero, fué inducido a error por su apariencia física y por haber estado haciendo el mismo trabajo para otros patronos, por lo que creyó de buena fe que era mayor de edad. Para sostener su contención presentó en evidencia la declaración de Carlos Nicole, dueño de una empresa de trucks, con quien el obrero había trabajado en ocupación similar durante los meses inmediatamente anteriores a su empleo por la corporación Transportation Service Co.; presentó además las nóminas de la empresa de trucks del Sr. Nicole, varias fotografías del obrero, así como las declaraciones de varios testigos, mecánicos unos y chóferes otros, que conocían al occiso, presentándose dicha evidencia con el objeto de probar que por su aspecto físico y la fuerza que desarrollaba en su empleo, nadie podía sospechar que el obrero fuese menor de 21 años.

Basándose en el art. 15 de la Ley núm. 230 "Para Reglamentar el Empleo de Menores . . .", aprobada el 12 de mayo de 1942 (pág 1299)(1) y en el caso de *Sucn. Lledó* v.

---

(1)Dicho art. 15, en lo pertinente, prescribe:

"Ningún menor de diez y ocho (18) años será empleado ni se le permitirá ni tolerará que trabaje en ninguna de las siguientes ocupaciones, declaradas peligrosas a la salud y la vida ni en relación con ellas:

"  *          *          *          *          *          *          *

"Como conductor de un vehículo de motor o ayudante del mismo, entendiéndose por ayudante cualquier persona que vaya en el vehículo y realice trabajos relacionados con la distribución de mercancías."

*Comisión Industrial,* 65 D.P.R. 430, la Comisión decidió que como el menor había sido empleado en violación de la ley en una ocupación declarada peligrosa a la vida y a la salud del menor, para lo cual el obrero no podía ser legalmente autorizado ni por sus padres ni por funcionarios del Departamento del Trabajo, no procedía la defensa reconocida al patrono por el párrafo 5 del art. 3 de la Ley de Compensaciones por Accidentes del Trabajo. Y refiriéndose a la prueba del patrono la Comisión se expresó así:

"A nuestro juicio, la defensa interpuesta por el patrono en este caso no puede prosperar, y se hace innecesario el que la Comisión Industrial se extienda a analizar la prueba presentada ni a resolver la cuestión que sobre las fotografías del obrero occiso se nos presentara."

Al denegar la reconsideración que solicitó el patrono, la Comisión aclaró más su posición diciendo:

"En otras palabras, la posición de la Comisión Industrial es que en aquellos casos en que el obrero menor de edad es empleado para trabajar en una ocupación declarada como peligrosa a la salud y a la vida del trabajador, en virtud del artículo 15 de la ley que regula el empleo de menores, no cabe la defensa de que el patrono fuera inducido a error por la apariencia física del menor. Entiende la Comisión Industrial que esta defensa solamente puede prosperar en aquellos otros casos especificados en la ley en que el obrero fué empleado para trabajar sin que medie permiso del Departamento del Trabajo."

Y volviéndose a referir a la prueba presentada por el patrono, se expresó así:

"Indudablemente, que si fuésemos a considerar esta defensa en el presente caso, tendríamos que dar seria consideración a la evidencia aportada por el patrono, ya que la misma resultaba bastante convincente para sostener la teoría sustentada por él, pero como acabamos de apuntar, este Organismo entiende que esta defensa no puede aducirse en un caso como el presente en que el obrero fué empleado para

trabajar en una de las ocupaciones peligrosas así declaradas por la ley, y como dijo el Tribunal Supremo que el que así actúa, lo hace en violación del estatuto no pudiéndose para ello obtener ni permiso de los padres ni tampoco del Departamento del Trabajo.''

El párrafo 5 del art. 3 de la Ley de Compensaciones por Accidentes del Trabajo, según fué enmendado por la citada Ley de 1943, al prescribir que la penalidad a que se refiere dicho precepto legal no es aplicable ''al caso de un patrono que sea inducido a error por la apariencia física del menor o por una declaración jurada hecha con anterioridad al empleo del menor por el padre, por la madre, o por el tutor o encargado del menor, en que se haga constar que éste es mayor de edad'', no establece diferencia alguna entre ocupaciones declaradas peligrosas y las que no lo son.(²)

El caso de *Sucn. Lledó* v. *Comisión Industrial,* supra, no sostiene la contención de la Comisión Industrial. Allí se alegó la defensa de que el patrono fué inducido a error por la apariencia física del menor, pero la evidencia que en apoyo de ese extremo presentó el patrono, no fué creída por la Comisión y consecuentemente dicha defensa no prosperó. También alegó el patrono en aquel caso que el padre del obrero verbalmente le había dicho que su hijo era mayor de edad y se resolvió que como la ley exige, para que pueda prosperar esa defensa, que la manifestación del padre, de la madre o del tutor del obrero a ese efecto se haga en declaración jurada, tampoco prosperó la defensa del patrono. El hecho de que en el último párrafo de la opinión en el caso de *Sucn. Lledó* se dijese que el trabajo en el cual fué empleado el menor era una ocupación peligrosa a la salud y a la vida, para lo cual no podía ser legalmente autorizado ni por sus padres ni por los funcionarios del Departamento

---

(²)El párrafo 5 del art. 3 fué nuevamente enmendado por la Ley núm. 284 de 15 de mayo de 1945 (pág. 1037) con posterioridad a la fecha de este accidente, eliminando el ''*Disponiéndose*'' en que basa su defensa el patrono.

del Trabajo, no significa que el patrono no tuviese derecho a establecer la defensa de haber sido inducido a error por la apariencia física del menor.

*Las resoluciones de la Comisión Industrial son erróneas y procede su revocación; pero como en las resoluciones recurridas no se expusieron las conclusiones de hecho a que llegó la Comisión Industrial, nos vemos compelidos a devolver el caso para que se dicte nueva resolución estableciendo dichas conclusiones aplicando a las mismas los principios legales enunciados en esta opinión.*