JERVIS MILLER AND LOUIS SHERMAN, INDIVIDUALLY AND AS PARTNERS, TRADING AS METROPOLITAN CONSTRUCTION CO. AND METROPOLITAN CONSTRUCTION CO., A CORPORATION OF NEW JERSEY, RESPONDENTS-APPELLANTS, v. VINCENT BERTUCCI, AN INFANT, BY HIS GUARDIAN AD LITEM, COSMO BERTUCCI, PETITIONER-APPELLEE, AND GERALD TORLUCCI AND JOSEPH TORLUCCI, RESPONDENT-APPELLEES.

Morris County Court
Law Division

Decided October 26, 1951.

*Mr. Harry Cohn,* attorney for petitioner-appellee.

*Mr. Louis Asarnow,* attorney for respondents-appellants.

BARRETT, J. C. C. Respondent-appellants appeal from the Bureau's award of double compensation to petitioner-appellee on the ground that the double compensation should be paid by the subcontractor and not the contractor.

■ It is undisputed that petitioner met with an accident on July 13, 1949, which arose out of and in the course of his employment. That respondents-appellants were the contractors and petitioner-appellee was employed by Torlucci Brothers, who were the subcontractors, and that the subcontractors did not carry workmen's compensation insurance and the petitioner-appellee was a minor between the ages of 14 and 18 years and was employed in violation of *R. S.* 34:15–10, and entitled to double compensation under said section of the Workmen's Compensation Act.

The respondents-appellants rely on that portion of *R. S.* 34:15–10 which states that "The employer alone and not the insurance carrier shall be liable for the extra compensation or death benefit which is over and above the amount of the compensation or death benefit provided under said sections 34:15–12 or 34:15–13."

Respondents-appellants argue that the words "employer alone" exhibits the intention upon the part of the Legislature to make the employer or subcontractor the only one responsible for the extra or double compensation. The words "employer alone" must be construed in connection with the context of the remainder of the sentence in which it is used. The words "employer alone" as here used are for the purpose of pointing out and emphasizing the fact that an insurance carrier cannot insure against the extra compensation.

■ *R. S.* 34:15–79, which is an entirely separate section, provides that the contractor, in the event of the subcontractor's failure to carry workmen's compensation insurance, shall be liable for any compensation. I am satisfied that the proper construction of this section of the Workmen's Compensation Act is that the contractor shall be liable for double the amount payable under the schedule as set forth in the Act. This section provides that "The contractor shall then have a right of action against the subcontractor for reimbursement."

To adopt the reasoning of the respondents-appellants, the claim of the employee would be entirely defeated in cases

where subcontractors had no assets. Even where there were assets, an employee would be put to the vexation and expense of a law suit, which I do not believe the act contemplates.

In the case of *Corbett v. Starrett Bros., Inc.*, 105 *N. J. L.* 228, 143 *A.* 352, the court stated: "It is apparent that the purpose of the amendment was to protect the employee of the subcontractor, and not to impair any of his common-law rights, nor in any way to relieve the general contractor from responding for damages caused by his own negligence."

In *Gerber v. Sherman*, 120 *N. J. L.* 237, 198 *A.* 762, the court said: "Its obvious aim was to render effective the provision for compulsory compensation insurance, by extending to the contractor the subcontractor's liability to render compensation under the act of 1911, as amended, in the event of the subcontractor's failure to carry the insurance so commanded. There is laid upon the contractor, on pain of personal liability, the duty of invoking such measures as may reasonably be deemed necessary to compel the subcontractor to discharge his statutory obligation. It is then within his power to exact from the subcontractor an undertaking to observe the statutory mandate throughout the contract period; and he may provide the means for its enforcement."

██ The Workmen's Compensation Act is to be construed liberally in favor of the petitioner. *Bollinger v. Wagaraw Bldg. Supply Co.*, 122 *N. J. L.* 512, 6 *A. 2d* 396.

Certainly the contractor and not the employee should carry the burden when the contractor's negligence permitted the subcontractor to employ a minor without carrying workmen's compensation insurance.

The order of the Bureau is affirmed and a determination may be entered accordingly.