JOHN A. JOHNSON & SONS, INC., Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 30226.)

Third Department, January 9, 1952.

*Robert Goldstein* and *Max E. Greenberg* for appellant.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown, Solicitor-General,* and *Henry S. Manley* of counsel), for respondent.

HEFFERNAN, J. The question presented here is one of first impression. Appellant is a domestic corporation organized under and by virtue of the laws of the State of New York.

On July 19, 1946, appellant and respondent entered into a contract whereby the former was to furnish the labor and materials necessary in connection with the construction of the Emergency Housing Project at Marine Park, Borough of Brooklyn, City of New York. For this work appellant was to be paid on a cost-plus basis.

The contract between the parties contained, *inter alia,* the following pertinent provisions:

" 17. The ' Contractor ' agrees
>    (a) to comply with the provisions of the Labor Law and all State laws and Federal and local statutes, ordinances and regulations that are applicable to the performance of this agreement, and
>    (b) to procure all necessary licenses and permits."

"(VI) If pursuant to this agreement, the ' Contractor ' is reimbursed by the ' State ' for any disbursements made for, or in connection with * * * damages or losses sustained or for judgments entered in excess of amounts, if any, collected from insurance purchases, or for any disbursements made either in defense or settlement of claims against the ' Contractor ' arising out of the performance of the work, or both, and if such disbursements were made necessary because of the negligence, malfeasance, misfeasance, or nonfeasance, of the ' Contractor ' or its officers, agents, or employees, or any of them, such disbursements shall not be included in ' cost to the " Contractor " ' for the purpose of determining the ' Contractor ' fee."

During the construction of the work appellant employed one De Grazia, a minor, seventeen years of age, without an employment certificate. The minor was injured and received an award under the Workmen's Compensation Law. Because he was a minor and was employed illegally, he received double compensation under the provisions of section 14-a of that law. As a result appellant was compelled to pay the sum of $1,404, besides what the insurer paid and in addition thereto the sum of $250 for legal services which it incurred in defending the claim for double compensation. The court below found: " That notwithstanding the minority of the aforesaid DeGrazia, claimant, at the time he was hired and at all times while said DeGrazia performed his labor, acted in good faith and in igno-

rance of the said DeGrazia's minority, and relied on representations made by said DeGrazia and by his Union to the effect that DeGrazia was of legal age."

Pertinent provisions of statutes relevant to the issues herein, are: Subdivision 1 of section 131 of the Labor Law provides in part as follows: "No child between sixteen and eighteen years of age except as otherwise provided in this article shall be employed in or in connection with or for any factory, establishment, trade, business or occupation specified in section one hundred and thirty, unless either a standard employment certificate, a special employment certificate or a vacation work permit issued in accordance with the provisions of the education law is kept on file in the office of the employer at the child's place of employment authorizing the employer named therein to employ said child. A vacation work permit or a special employment certificate shall be on file in the office of the employer at the child's place of employment authorizing the employer named therein to employ said child wherever a minor fourteen and under eighteen years of age is employed when schools are not in session, in accordance with the provisions of this article."

Section 14-a of the Workmen's Compensation Law provided at the time of De Grazia's injury as follows:

"1. Compensation and death benefits as provided in this article shall be double the amount otherwise payable if the injured employee at the time of the accident is a minor under eighteen years of age employed, permitted or suffered to work in violation of any provision of the labor law or in violation of any rule heretofore or hereafter adopted by the board of standards and appeals pursuant to subdivision eleven of section one hundred and forty-six of said law.

"2. The employer alone and not the insurance carrier shall be liable for the increased compensation or increased death benefits provided for by this section. Any provision in an insurance policy undertaking to relieve an employer from such increased liability shall be void."

It will be noted that the statute requires that the increased compensation shall be payable by "The employer alone and not the insurance carrier".

Appellant claims that respondent should refund to it the total sum of $1,654 thus expended plus interest. Concededly, the hiring of a minor without the appropriate certificate was a violation of the provision of the Labor Law which we have

quoted. Not only that, but it was also a violation of the contract provisions to which we have referred. The purpose of this statute clearly is to prevent the employment of minors under certain conditions. The Court of Appeals has recognized that such laws were " quite as much for the benefit of the public as for the protection of the child " (*Amberg* v. *Kinley*, 214 N. Y. 531, 538). That court has also held that the good faith or lack of negligence of the employer in determining the age of an employee is no defense (*Matter of Braiter* v. *Addie Co.*, 282 N. Y. 326). In *Matter of Sackolwitz* v. *Hamburg & Co.* (295 N. Y. 264) the court held that the minor did not defeat his right to double compensation by his own deceits as to his age. The double aspects of the double compensation referred to in those cases was explicitly recognized in *Matter of Sacripante* v. *United Metal Spinning Co.* (299 N. Y. 419). In that case the Court of Appeals said (p. 424): " The purpose of section 14-a is to award adequate compensation to a minor employee (*Bogartz* v. *Astor*, 293 N. Y. 563), but its purpose is also to insure that an employer will not hire a minor without the knowledge of the board of education and its assent thereto as manifested by the employment certificate."

It seems to us that the terms of the contract between the appellant and respondent may not be construed to impose upon the State costs incurred as a result of appellant's own violation of the provisions of the Labor Law and the provisions of the contract. The provisions for reimbursement of actual cost should not be so interpreted as to impose upon the State costs which the contractor incurred as a consequence of having violated the State's own law. Furthermore, we are satisfied that the claim asserted here is an unconscionable one and to permit the appellant to recover under the circumstances described in this record would be a gross miscarriage of justice. The appellant's position is devoid of either justice or equity.

The judgment appealed from should be affirmed, with costs to respondent.

FOSTER, P. J., BREWSTER, BERGAN and COON, JJ., concur.

Judgment affirmed, with costs to respondent.