S. Jack MUSICK et al., Plaintiffs, Appellants,

v.

**PUERTO RICO TELEPHONE COMPANY, Defendant, Appellee.**

No. 6586.

United States Court of Appeals
First Circuit.

Heard Feb. 8, 1966.

Decided March 18, 1966.

Gilberto Mayo Aguayo, San Juan, P. R., with whom Baker & Woods, San Juan, P. R., was on brief, for appellants.

Jaime Pieras, Jr., San Juan, P. R., with whom Pieras & Martin, San Juan, P. R., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This case raises a narrow question involving the "contractor-under" provision of the Puerto Rico Workmen's Accident Compensation Act, 11 L.P.R.A. § 1 et seq. Defendant, Puerto Rico Telephone Company, which we take to be a generally insured employer,[1] subcontracted certain of its construction and maintenance work to Intercontinental Communications Corporation. Pursuant to a requirement in its contract with Telephone, Intercontinental maintained workmen's compensation insurance to cover its employees. Plaintiff-appellant,[2] an employee of Intercontinental, was injured while working on the Telephone job, and recovered compensation under the policy. Alleging that his injuries were the result of Telephone's negligence, he brought this action for damages in the United States

District Court for the District of Puerto Rico.

The court granted Telephone's motion for summary judgment, holding that it was plaintiff's statutory employer under the Act, and hence immune from suit. 11 L.P.R.A. § 21.[3] Plaintiff argues that Telephone is a "third party," subject to the ordinary liability of one who has negligently injured another. It is not disputed that if Telephone is a third party, plaintiff can recover against it even though he has already recovered workmen's compensation. 11 L.P.R.A. § 32.

This case is one of first impression under the Puerto Rico Act. The district court relied on Porto Rican American Sugar Refinery, Inc. v. Industrial Commission, supra, n. 1, and defendant adds Montaner, Mgr. v. Industrial Commission, 1941, 59 P.R.R. 284. Under these decisions, Telephone would have been regarded as plaintiff's employer, and hence have acquired immunity to suit, if insured, if Intercontinental had failed to carry insurance. Alternatively, if Intercontinental had failed to carry insurance and Telephone, also, had failed to insure, Telephone would have been in a variety of difficulties. 11 L.P.R.A. §§ 16, 18 and 19. Although these decisions do indicate that under some circumstances the primary contractor is the employer of his subcontractor's employees, they do not address themselves directly to the permutation presently before us. We turn to the statute itself.

Section 21, supra, n. 3, which exempts an employer from civil liability "[w]hen an employer insures his workmen or employees," is of central importance. To sustain Telephone's claim to immunity from suit we must find, first,

---

1. See Porto Rican American Sugar Refinery, Inc. v. Industrial Commission, 1944, 63 P.R.R. 611.

2. Plaintiff's wife is coplaintiff. However, her rights under the Act are no greater than his.

3. "§ 21. *Exclusiveness of remedy*
"When an employer insures his workmen or employees in accordance with this chapter, the right herein established to obtain compensation shall be the only remedy against the employer; but in case of accident to, or disease or death of, the workmen or employees not entitled to compensation under this chapter, the liability of the employer is, and shall continue to be, the same as if this chapter did not exist."

that plaintiff was an employee of Telephone, and, second, that Telephone had insured the plaintiff.

Two sections of the Puerto Rico statute indirectly shed light on the first question. Section 16 states the consequences to "any employer covered by this chapter [who] fail[s] to insure * * *." We believe the fair meaning of the third paragraph of this section to be that these unpleasant consequences will not be suffered by a contractor-employer guilty of negligence if his "independent subcontractor" is insured.[4] Section 20 provides that an employer shall pay the premiums for his employees, and for the employees of uninsured independent contractors working for it. This section clearly draws a distinction between insured and uninsured independent contractors on which plaintiff relies.[5]

■ No provision in the Act defines "employer covered by this chapter," or "employer," in terms specifically addressing our present question. Nevertheless, it seems implicit in section 16 that the party employing the independent contractor is an "employer" of the independent contractor's employees. The language of the quoted proviso in section 20 does not reject this concept, but merely states that the "employer" need not pay the premiums if this has been done by the independent contractor. In other words, the concept continues, but, not unreasonably, the suggestion that premiums should be paid twice is negatived.

■ As for the second question, we think that an employer who has required his independent contractor to take out the insurance and, presumably, has thereby increased the overall cost of the contract to itself, has "insured" the employees.

■ We hold, in sum, that the employee of an insured independent contractor or subcontractor cannot entertain a tort action against the primary contractor. Not only does this seem the more probable resolution of the admittedly ambiguous statutory scheme, but we believe it is more consistent with the policies of workmen's compensation. See Bindbeutel v. Willcut & Sons Co., 1923, 244 Mass. 195, 138 N.E. 239; 2 Larson, Workmen's Compensation Law, § 72.31.

■■ We note, finally, that the provision in the contract between Telephone and Intercontinental, to the effect that employees of the latter were not to be regarded as employees of the former, cannot control the statute. What the contractors may agree to as between themselves cannot increase, or diminish, the rights of the plaintiff. "What matters is that in any event the workman and those dependent upon him are secured through the State Insurance Fund." Montaner, Mgr. v. Industrial Commission, supra, at 289.

Affirmed.

4. "In such proceedings, the fact that the workman or employee was guilty of contributory negligence; or that he assumed the risk of the injury; or that the injury was caused by the negligence of a contractor or independent subcontractor, unless such contractor or independent subcontractor is insured in accordance with the provisions of this chapter, shall not constitute a defense for the employer."

5. "§ 20. *Employer to report all wages*
"Every insured employer shall, on reporting his annual payrolls, include in said payrolls the wages paid to all the workmen and employees working for or employed by him, whether by the job or under some person with whom the employer contracted for the job, or under a contractor or independent subcontractor employed or contracted by said employer; and all accounts or taxes collected by the State shall be based on the employer's current payroll in which shall be included the above-mentioned laborers; Provided, That this provision shall not be applicable to employers for whom work is done by an independent contractor who is insured as an employer under the provisions of this chapter."