JUAN COLÓN SANTIAGO and CARMEN LÓPEZ VÁZQUEZ, ETC., Petitioners, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondent.

No. O-68-254.        Decided April 22, 1969.

*Antonio Fernández Rodríguez* for petitioners. *Ulpiano Falcón Matos* for Capri Finishing.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

An insured employer utilizing the services of uninsured independent contractors is compelled to carry workmen's accident compensation insurance for the employees of such independent contractors and is liable on his policy for accidents sustained by said employees in the course of their employment. Section 19 of the Workmen's Accident Compensation Act, 11 L.P.R.A. § 20;[1] *P.R. Am. Sugar Refinery, Inc.* v. *Industrial Commission*, 63 P.R.R. 611 (1944) ; *Montaner, Mgr.* v. *Industrial Commission*, 59 P.R.R. 284 (1941). The purpose of this provision is not only to forestall the evasion of the Act, but also to protect the workers and employees of irresponsible and uninsured subcontractors by imposing liability on the principal contractor, who has it within his power, in choosing subcontractors, to insist upon appropriate protection against labor accidents. 1A Larson, The Law of Workmen's Compensation 855, § 49.11 (1967 ed.), 2 Schneider, Workmen's Compensation 176–177, § 326 (3d ed.), Blair, Reference Guide to Workmen's Compensation, § 5:14. In this situation the contractor is denominated as the statutory employer to distinguish him from the subcontractor, called the contractual or real employer. Hence, the liability imposed on

---

[1] "Every insured employer shall, on reporting his annual payrolls, include in said payrolls the wages paid to all the workmen and employees working for or employed by him, whether by the job or under some person with whom the employer contracted for the job, or under a contractor or independent subcontractor employed or contracted by said employer; and all accounts or taxes collected by the State shall be based on the employer's current payroll in which shall be included the above-mentioned laborers; *Provided*, That this provision shall not be applicable to employers for whom work is done by an independent contractor who is insured as an employer under the provisions of this Act."

The constitutionality of a similar provision was upheld in *Judith B. Nieva and Co., S. en C.* v. *Domenech, Treas.*, 46 P.R.R. 153 (1934), appeal dismissed in 83 F.2d 981 (1936).

the principal contractor is of a subsidiary nature, so that if the subcontractor carries insurance as independent employer the former assumes no risk.

Now then, does the liability of the statutory employer cover the payment of the double compensation prescribed by law when an accident occurs or death is sustained by a minor employed in violation of the law?

Section 3 of the Workmen's Accident Compensation Act, 11 L.P.R.A. § 3, in a separate paragraph entitled "Rights of Minors"[2] provides that in the case of workmen under eighteen years of age employed in violation of the laws in force on the date of the employment[3] who suffer injuries, occupational diseases, or death, in the course of the work and as a consequence of the employment the compensation accruing to them shall be double the amount accruing to a workman of the same age legally employed. It provides that *the employer* shall pay this additional compensation,[4] the Manager of the State Insurance Fund being empowered to take steps for its collection in the manner provided for uninsured-employer cases. It seems evident that the purpose of the lawmaker was to enact an additional penalty—in *Silva* v. *Industrial Commission*, 91 P.R.R. 865, 876 (1965), we referred to this additional compensation as an "economic penalty"—imposed on

---

[2] This separate paragraph was incorporated to § 3 by Act No. 52 of April 25, 1942 (Sess. Laws, p. 502). See; *Juan Bigas, Sucrs.* v. *Industrial Commission*, 71 P.R.R. 313 (1950); *Transportation Service Co.* v. *Industrial Commission*, 66 P.R.R. 375 (1946), *Montaner* v. *Industrial Commission*, 54 P.R.R. 52 (1939).

[3] The Employment of Minors Act is Act No. 230 of May 12, 1942, 29 L.P.R.A. §§ 431–456 which repealed Act No. 75 of July 20, 1921.

[4] The Workmen's Accident Compensation Act in its § 3-B, added by Act No. 111 of June 6, 1967, 11 L.P.R.A. § 4b also provides additional compensation in cases where the injury or death has occurred as a consequence of violations of the Industrial Safety Act, Act No. 112 of May 5, 1939, 29 L.P.R.A. § 321 *et seq.*

In general see, Annotation, *Insurance carrier's liability for part of employer's liability attributable to violation of law or other misconduct on his part*, 1 A.L.R.2d 407.

the transgressors of the statutes relating to employment of minors, and thus attain the end pursued of protecting the minors' health, propitiating their education and training and preventing the displacement of members of the laboring class who are head of the family. See, *John A. Johnson & Sons* v. *State,* 109 N.Y.S.2d 677 (1952).

*Bertucci* v. *Metropolitan Const. Co.,* 91 A.2d 153 (N.J. 1952), which overruled *Miller* v. *Bertucci,* 84 A.2d 665 (N.J. 1951), is the only expression on the problem which directly considers the question. Although the New Jersey statute renders the principal contractor liable for "any compensation"—notice that in more absolute terms than ours—it was held that the controlling factor was the nature of the rational connection between the contractor's liability and the employee's claim for compensation, normal and extra: to that effect it was inquired as to the two points (a) the extent of the employee's right if the contractor had discharged his implicit duty to require the subcontractor to carry insurance and (b) the scope of the injury caused to the employee by the contractor's failure to require the subcontractor to comply with his duty to carry insurance. It was stated at page 155:

"Had the Legislature intended to saddle the contractor with the duty of preventing illegal employment by subcontractors, it would have made the contractor liable even though the subcontractor was insured. On the contrary, the sole responsibility of the contractor relates to the fact of insurance. [Citations.] If the subcontractor is insured, the contractor has no liability at all. In imposing the liability for extra compensation upon the insured subcontractor (. . .) and omitting to impose it also upon the contractor, the Legislature plainly indicated that the onus of illegal employment shall fall upon the subcontractor-employer. . . . The failure of the contractor to see to it that the subcontractor carried insurance is accordingly logically related only to the collection of the normal compensation and logically unrelated to the liability for or the collection of a claim for extra compensation."

This reasoning is convincing. The purpose of the provision for additional compensation in the case of minors has no direct relation to the security due to employees that they shall be compensated in case they suffer a labor accident; its dissuasive purpose is aimed at attaining the beneficial social objective to prevent the employment of minors in contravention of the law. There is no doubt that the contractor may ensure that the subcontractor comply with the Workmen's Accident Compensation Act and for that matter require him to carry insurance. Hence he may be made liable for the normal compensation. As a matter of fact the premium paid by the subcontractor is an item of cost which in the long run is absorbed by the principal. The same situation does not prevail in regard to the employment of minors, since the contractor does not practically have the means to supervise effectively whether the subcontractor fails to comply with the law on this particular. In other words, the contractor may exercise control as to whether or not the subcontractor carries insurance but not as to whom he employs.

*Huffstettler* v. *Lion Oil Co.*, 110 F.Supp. 222 (D.C. Ark. 1953), 208 F.2d 549 (8th Cir. 1953), invoked by petitioners, does not have the scope attributed to it, since it specifically limits itself to establish that the provision concerning the exclusiveness of the remedy under the workmen's accident compensation legislation is applicable to both the contractual and the statutory employer.[5] Any expression contained in the opinion or in the headnotes as to the nature of the relationship and the respective rights and liabilities of the statutory employer and the employee must be necessarily considered in the light of the problem involved therein, and it does not have the elliptic effect contemplated.

---

[5] Identical conclusion was reached by the United States Court of Appeals First Circuit in *Musick* v. *Puerto Rico Telephone Company*, 357 F.2d 603 (1966) construing the corresponding provisions of our Workmen's Accident Compensation Act.

■ Therefore, we decide, that a "statutory" employer, by virtue of § 19 of the Workmen's Accident Compensation Act is only liable for the ordinary compensation accruing to the employee or worker of an uninsured subcontractor. When there concurs the circumstance that the worker is an illegally employed minor, the remuneration for the additional compensation falls upon the contractual employer.

The decision of the Industrial Commission of June 21, 1968, will be affirmed and the case remanded for the consideration of the proceedings pending.[6]

---

[6] Julio César Colón López, petitioners' son, who was seventeen and a half years old, died as a result of an electric shock in the course of his work finishing floors in a project of the Urban Renewal and Housing Corporation. Capri Finishing, the general contractor, agreed to pay the normal compensation assessed by the Manager of the Fund, but it alleged that the deceased was an employee of subcontractor Máximo Andino, who was liable for the additional compensation because he had employed the minor without requiring the corresponding permit. It was so determined by the Industrial Commission. The determination as to whether Andino was actually a subcontractor is still pending. Although some evidence was received on this particular the Commission did not reach any conclusion to that effect.