JUAN COLÓN SANTIAGO y CARMEN LÓPEZ VÁZQUEZ, ETC., recurrentes, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada.

*Número*: O-68-254    *Resuelto*: 22 de abril de 1969

*Antonio. Fernández Rodríguez,* abogado de los recurrentes; *Ulpiano Falcón Matos,* abogado de Capri Finishing.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

■ El patrono asegurado que utilice los servicios de contratistas independientes no asegurados está obligado a tener asegurados contra accidentes del trabajo a los empleados utilizados por dichos contratistas independientes y responde con su póliza de los accidentes que ocurran a dichos empleados en el curso del trabajo. Art. 19 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 20; (1) *P.R. Am. Sugar Refinery* v. *Comisión Industrial,* 63 D.P.R. 636 (1944); *Montaner, Admor.* v. *Comisión Industrial,* 59 D.P.R. 285 (1941). El propósito de esta disposición es, no sólo evitar la evasión de la ley, sino proteger a los obreros y empleados de subcontratistas irresponsables y no asegurados mediante la imposición de responsabilidad al contratista principal que, al seleccionar al subcontratista, puede exigirle protección adecuada contra accidentes del trabajo. Larson, *The Law of Workmen's Compensation* (ed. 1967), vol. 1A, § 49.11, pág. 855; Schneider, *Workmen's Compensation,* (3a.

---

(1) "Todo patrono asegurado al dar cuenta con sus nóminas anuales, deberá incluir en tales nóminas los salarios pagados a todos los obreros y empleados que estuvieren trabajando o fuere a emplear bien por ajuste, o ya bajo una persona con quien ajustó el patrono o bajo un contratista o subcontratista independiente empleado o contratado por dicho patrono, y toda cuenta, o impuesto cobrado por el Estado se basará sobre la nómina corriente del patrono, en las cuales deberán estar incluidos los trabajadores antes mencionados; *Disponiéndose,* que esta disposición no será aplicable a los patronos para quienes se hiciere trabajo por un contratista independiente que estuviere asegurado como patrono de acuerdo con las disposiciones de esta Ley."

La constitucionalidad de una disposición similar fue sostenida en *J. B. Nieva & Co.* v. *Domenech, Tesorero,* 46 D.P.R. 158 (1934), ap. desest. en 83 F.2d 981 (1936).

ed.), vol. 2, § 326, págs. 176–177; Blair, *Reference Guide to Workmen's Compensation*, sec. 5:14. En esta situación se denomina al contratista como el patrono estatutario para distinguirle del subcontratista, llamado el patrono contractual o real. De ahí que la responsabilidad impuesta al contratista principal participe de naturaleza subsidiaria, de forma que si el subcontratista está asegurado como patrono independiente, ningún riesgo asume aquél.

Ahora bien, ¿se extiende la responsabilidad del patrono estatutario al pago de la doble compensación provista cuando el accidente ocurre o se le causa la muerte a un menor de edad empleado en contravención a la ley?

El Art. 3 de la Ley de Accidentes del Trabajo, 11 L.P.R.A. sec. 3, en el acápite intitulado "Derechos de los Menores" ([2]) provee que en caso de obreros menores de dieciocho años empleados en violación a las leyes vigentes a la fecha del empleo ([3]) que sufran lesiones, enfermedades ocupacionales o la muerte en ocasión y como consecuencia del empleo, la compensación que les corresponde será el doble del importe correspondiente a un obrero de la misma edad empleado legalmente. Se dispone que *"el patrono"* pagará esta compensación adicional, ([4]) facultándose al Administrador del Fondo del

---

([2]) Este acápite fue incorporado al Art. 3 mediante la Ley Núm. 52 de 25 de abril de 1942 (Leyes, pág. 503). Véanse, *Juan Bigas, Sucrs. v. Com. Industrial*, 71 D.P.R. 336 (1950); *Transportation Service Co. v. Comisión Industrial*, 66 D.P.R. 395 (1946); *Montaner, Admor. v. Comisión Industrial*, 54 D.P.R. 67 (1939).

([3]) La Ley de Empleo de Menores es la Núm. 230 de 12 de mayo de 1942, 29 L.P.R.A. secs. 431–456, que derogó la Ley Núm. 75 de 20 de julio de 1921.

([4]) La Ley de Accidentes del Trabajo en su Art. 3-B, adicionado por la Ley Núm. 111 de 6 de junio de 1967, 11 L.P.R.A. sec. 4b, provee también compensación adicional en los casos en que la lesión o muerte proviene como consecuencia de la violación de la Ley de Seguridad Industrial, Núm. 112 de 5 de mayo de 1939, 29 L.P.R.A. secs. 321 *et seq.*

En general, véase, Anotación, *Insurance carrier's liability for part of employer's liability attributable to violation of law or other misconduct on his part*, 1 A.L.R.2d 407.

Seguro del Estado a gestionar su cobro mediante el procedimiento establecido para las casos de patronos no asegurados. Parece claro que el propósito que animó al legislador fue estatuir una sanción adicional—en *Silva* v. *Comisión Industrial*, 91 D.P.R. 891, 903 (1965), nos referimos a esta compensación adicional como una "penalidad económica"—para los infractores de las disposiciones sobre el empleo de menores, y lograr así el fin perseguido de proteger la salud de los menores, propiciar su educación y adiestramiento y evitar el desplazamiento de miembros de la fuerza obrera que son jefes de familia. Véase, *John A. Johnson & Sons* v. *State*, 109 N.Y.S.2d 677 (1952).

*Bertucci* v. *Metropolitan Const. Co.*, 91 A.2d 153 (N.J. 1952), que revocó a *Miller* v. *Bertucci*, 84 A.2d 665 (N.J. 1951), es la única expresión sobre el problema que considera directamente la cuestión. A pesar de que el estatuto de Nueva Jersey hace responsable al contratista principal de "cualquier compensación"—obsérvese que en términos más absolutos que el nuestro—se sostuvo que el factor determinante era la naturaleza de la relación racional que existía entre la responsabilidad del contratista y la reclamación del empleado, tanto por la compensación normal como la adicional: inquirióse al efecto sobre dos extremos (a) la extensión del derecho del empleado en caso de que hubiese cumplido su deber implícito de requerir al subcontratista que se asegurara, y, (b) el alcance de la lesión causada al empleado por la omisión del contratista de obtener del subcontratista que cumpliera con la ley asegurándose. Dijóse, a la pág. 155:

"Si la Legislatura hubiese intentado gravar al contratista con la obligación de impedir que el subcontratista incurriera en prácticas de empleo ilegales, le hubiese hecho responsable aun cuando éste se asegurara. Por el contrario, su sola responsabilidad se refiere al hecho del seguro en sí. [Cita.] Cuando el subcontratista está asegurado, el contratista no tiene responsabilidad alguna. La imposición al subcontratista asegurado del pago de

la compensación adicional . . . y la omisión de obligar al contratista en tal caso, es índice de que el legislador colocó sobre el primero la responsabilidad por cualquier empleo en contravención a la ley. . . . La omisión del contratista de velar por que el subcontratista se asegure lógicamente se relaciona únicamente con la compensación ordinaria y ninguna relación guarda con la adicional."

Es persuasivo este razonamiento. El propósito de la disposición de pago adicional en el caso de menores no tiene relación directa con la seguridad debida a los empleados de que serán compensados en caso de sufrir un accidente del trabajo; su propósito disuasivo va enderezado a lograr el fin social útil de impedir el empleo de menores en forma contraria a la ley. No hay duda de que el contratista puede lograr que al subcontratista se acoja a la Ley de Accidentes del Trabajo, y para ello exigirle que se asegure. Por eso puede hacérsele responsable de la compensación normal. Como cuestión de realidad la prima pagada por el subcontratista es un elemento de costo que a la larga absorbe el principal. La misma situación no prevalece en cuanto al empleo de menores ya que el contratista no dispone prácticamente de medios para fiscalizar efectivamente que el subcontratista no incumpla la ley sobre el particular. En otras palabras, el contratista puede ejercer control sobre si el subcontratista se asegura o no, pero no sobre a quienes emplea.

*Huffstettler* v. *Lion Oil Co.*, 110 F.Supp. 222 (D.C. Art. 1953), 208 F.2d 549 (8th Cir. 1953), invocado por los recurrentes, no tiene el alcance que se le atribuye, ya que se limita específicamente a establecer que la disposición sobre exclusividad del remedio provisto por la legislación sobre accidentes del trabajo es aplicable tanto al patrono contractual como al estatutario. [5] Cualquier expresión contenida en

---

[5] A idéntica conclusión llegó la Corte de Apelaciones del Primer Circuito en *Musick* v. *Puerto Rico Telephone Company*, 357 F.2d 603 (1966), interpretando las disposiciones correspondientes de nuestra Ley de Accidentes del Trabajo.

la opinión o en el sumario sobre la naturaleza de la relación y los respectivos derechos y obligaciones del patrono estatutario y el empleado tiene necesariamente que considerarse a la luz del problema allí envuelto, y no tiene el efecto elíptico que se pretende.

Resolvemos, por tanto, que un patrono "estatutario" en virtud del Art. 19 de la Ley de Compensaciones por Accidentes del Trabajo sólo responde de la compensación ordinaria que corresponde al empleado u obrero de un subcontratista no asegurado. Cuando concurre la circunstancia de que el obrero es un menor empleado en contravención a la ley, el resarcimiento de la compensación adicional recae sobre el patrono contractual.

*La resolución de la Comisión Industrial de 21 de junio de 1968 será confirmada y se devolverá el caso para la continuación de los procedimientos pendientes.* (⁶)

---

(⁶) Julio César Colón López, hijo de los recurrentes, que contaba diecisiete años y medio de edad, falleció como consecuencia de un choque eléctrico mientras trabajaba como pulidor de pisos en un proyecto de la Corporación de Renovación Urbana y Vivienda. El contratista general Capri Finishing accedió a satisfacer la compensación normal determinada por el Administrador del Fondo, pero alegó que el occiso era empleado del subcontratista Máximo Andino, a quien correspondía el pago de la compensación adicional por haber empleado al menor sin la licencia correspondiente. Así lo determinó la Comisión Industrial. Está pendiente de determinación si en efecto Andino era un subcontratista. Aunque se recibió alguna prueba sobre el particular la Comisión no hizo conclusión alguna al respecto.