PATRICK CORBETT, RESPONDENT, v. STARRETT BROTHERS, INCORPORATED, A CORPORATION OF NEW YORK, APPELLANT.

Submitted May 26, 1928—Decided October 15, 1928.

For the appellant, *Walter L. Glenney* and *Edwards & Smith* (*Edwin F. Smith,* of counsel).

For the respondent, *A. Milton Jacobs* (*Jacob Schneider,* of counsel).

The opinion of the court was delivered by

HETFIELD, J. This action was instituted by the plaintiff, Patrick Corbett, for damages resulting from injuries caused by the alleged negligence of Starrett Brothers, Incorporated, the present appellant, and George Peterson, Incorporated. The appellant was the general contractor engaged in the erection and construction of a building for Kresge Company, at Cedar and Broad streets, in the city of Newark, and George Peterson, Incorporated, was a subcontractor of the appellant, employed in finishing the flooring in said building. The trial court granted a nonsuit at the close of the plaintiff's case, in favor of the said subcontractor, and a judgment was entered upon the jury's verdict for the plaintiff against the appellant, in the sum of $15,000. The plaintiff was a laborer, employed by Spencer, White and Prentiss, who were not made parties to this suit, and to whom the general contractor had contracted the foundation work. At the time of the accident the plaintiff was performing work for his employer in the basement of the partly erected building, when a board fell from one of the upper floors, striking him on the head.

The appellant, in its answer, denied the allegations of negligence, and as a separate defense, alleged that the plaintiff was in the general employ of a subcontractor of the defendant,

Starrett Brothers, Incorporated, the general contractor, and that all of the employes of the said subcontractor, together with the employes of the said general contractor, were engaged in a common enterprise of constructing a building, and that by reason thereof, the plaintiff was subject to the provisions of chapter 95 of the laws of 1911, and the amendments thereof and supplements thereto, known as the Workmen's Compensation act, and also to chapter 178 of the laws of 1917, and its amendments and supplements, known as the Compulsory Insurance act. The special defense also alleged that the plaintiff never reserved his common-law rights as against the defendant, and therefore was precluded from recovering against the general contractor. When the case came on to be tried, counsel for the plaintiff moved to strike out the separate or special defense as pleaded, on the ground that the plaintiff was not barred by either the Compensation or Insurance act from instituting a common-law suit against the defendants. The trial court struck out the separate defense, which action is the only ground of appeal presented.

The appellant's main contention is that that part of section 5 of the Compulsory Insurance act, as amended by chapter 128 of the laws of 1924 (*Pamph. L., p.* 244), which part reads as follows: "Any contractor placing work with a subcontractor shall, in the event of the subcontractor's failing to carry workmen's compensation insurance as required by this act, becomes liable for any compensation which may be due an employe or the dependents of a deceased employe of said subcontractor. Such contractor shall then have a right of action against such subcontractor for reimbursement," creates the relation of employer and employe, as between a general contractor and an employe of a subcontractor, irrespective of whether the subcontractor has secured compensation insurance or not, and that it was the intent of the legislature to destroy any common-law right of action which such employe might have had by reason of the negligence or wrong of a general contractor. We find nothing in the language of the act to justify such a construction, and think appellant's interpretation is unsound and without merit.

The Workmen's Compensation act controls only when the relationship of employer and employe exists, and section 5 of the Insurance act, as amended, was never intended to create such a relation between the general contractor and a person employed by the subcontractor, but does require the general contractor to see to it that a subcontractor insures his liability to pay the compensation as provided by statute, or the general contractor himself becomes liable to pay it, and in such an event, has a right of action against the subcontractor for reimbursement. Therefore, a subcontractor is liable in the first instance, and the general contractor is only secondarily liable, in the event that the subcontractor ignores the statute. It is apparent that the purpose of the amendment was to protect the employe of the subcontractor, and not to impair any of his common-law rights, nor in any way relieve the general contractor from responding for damages caused by his own negligence.

The plaintiff was injured in an accident, for which, the jury found, the appellant was responsible; and the Compensation act provides that an employe is entitled to maintain an action for damages against a tort-feasor, other than his employer, and the employer may be subrogated to the rights of the employe, to the extent of the compensation paid.

The statute only requires the general contractor to be the guarantor of the obligation of the subcontractor to comply with the Insurance act; and he is not affected in any way by its provisons, unless the subcontractor fails to secure compensation insurance; and the appellant does not allege that any such condition existed in the present case.

The striking out of the separate defense was proper, and the judgment in favor of the plaintiff will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.