21 N.J. Super. 318 (1952)
91 A.2d 153
VINCENT BERTUCCI, AN INFANT, BY COSMO BERTUCCI, HIS NATURAL GUARIAN AND PARENT, PETITIONER-RESPONDENT,
v.
METROPOLITAN CONSTRUCTION COMPANY, A CORPORATION, RESPONDENT-APPELLANT, AND GERALD TORLUCCI AND JOSEPH TORLUCCI, AND NATIONAL CASUALTY INSURANCE CO., RESPONDENTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued July 21, 1952.
Decided September 3, 1952.
*319 Before Judges SCHETTINO, LLOYD and WOODS.
Mr. John A. Laird argued the cause for respondent-appellant (Mr. Louis Asarnow, attorney).
Mr. Harry Cohn argued the cause for petitioner-respondent (Mr. Samuel A. Scharff, attorney).
The opinion of the court was delivered by LLOYD, J.S.C.
This is an appeal to this court from a judgment of the County Court affirming a judgment of the *320 Deputy Director of Compensation in favor of the petitioner-respondent. The question involved is whether or not a general contractor is liable for the "double" compensation due a minor for injury arising out of and in the course of his employment while illegally employed by a subcontractor who failed to carry insurance.
The undisputed facts are that petitioner-respondent, Vincent Bertucci, was a minor, 17 years of age, employed by Torlucci Brothers, subcontractors of respondent-appellant, Metropolitan Construction Co., a corporation. He was employed in violation of R.S. 34:15-10, sustained compensable injury and obtained judgment for double compensation under said section of the Workmen's Compensation Act against Metropolitan Construction Company, respondent-appellant:
R.S. 34:15-10 provides:
"* * * If the injured employee at the time of the accident * * * is a minor * * * between fourteen and eighteen years of age employed, permitted or suffered to work * * * at an occupation prohibited at the minor's age by law, a compensation * * * shall be payable to the employee * * * which shall be double the amount payable under the schedules provided in sections 34:15-12 and 34:15-13 of this Title.

* * * * * * * *
The employer alone and not the insurance carrier shall be liable for the extra compensation * * * which is over and above the amount of the compensation * * * provided under said sections 34:15; 12 or 34:15-13. Any provision in an insurance policy undertaking to relieve an employer from the liability for the extra compensation * * * shall be void."
R.S. 34:15-79 provides:
"* * * Any contractor placing work with a sub-contractor shall, in the event of the subcontractor's failing to carry workmen's compensation insurance as required by this article, become liable for any compensation which may be due an employee * * * of a subcontractor. The contractor shall then have a right of action against the subcontractor for reimbursement."
The contractor has paid the compensation due the injured employee as provided in section 34:15-12 but denies its *321 liability to pay the extra or double compensation awarded by reason of the illegal employment.
The aforementioned section, 34:15-79, was amended in 1924 to substantially its present form. Counsel and the court have been unable to find any case in this state where this question has been raised.
Corbett v. Starrett Bros., Inc., 105 N.J.L. 228 (E. & A. 1928), holds specifically that this act does not create the relationship of employer and employee as between a general contractor and an employee of a subcontractor. It further holds that:
"The Workmen's Compensation Act controls only when the relationship of employer and employee exists, and section 5 of the Insurance Act, as amended, was never intended to create such a relation between the general contractor and a person employed by the subcontractor, but does require the general contractor to see to it that a subcontractor insures his liability to pay the compensation as provided by statute, or the general contractor himself becomes liable to pay it, and in such an event, has a right of action against the subcontractor for reimbursement. Therefore, a subcontractor is liable in the first instance, and the general contractor is only secondarily liable, in the event that the subcontractor ignores the statute."
R.S. 34:15-10 refers to "extra compensation" as distinguished from "compensation" normally payable. R.S. 34:15-79 makes the contractor liable for "any compensation" in the circumstances set forth. The issue of interpretation is whether "any compensation" means the "compensation" normally payable or includes as well "extra compensation." The employer cites authority from other states to the effect that the "extra compensation," at least for the purposes involved in those cases, is not a "penalty." The ultimate question, however, is whether R.S. 34:15-79 refers only to normal compensation or includes as well extra compensation, and the penal or nonpenal quality of extra compensation is not controlling in that inquiry. The question is, upon whom did the Legislature intend to impose the burden of extra compensation? As to an insured subcontractor, the statute *322 explicitly places the burden upon the subcontractor alone. Did the Legislature intend that when a subcontractor carried no insurance, the burden should fall upon the contractor? The draftsman of a statute cannot foresee every specific situation and it is peculiarly the function of the judiciary to solve the questions which arise, not by mechanical correlation of words, but rather by giving to the words used a meaning and significance controlled by the intention of the Legislature as revealed by the underlying scheme.
Hence we must find the rational connection between the contractor's liability and the employee's claim for compensation, normal and extra. What would the employee have had if the contractor had discharged his implicit duty to require the subcontractor to carry insurance? Of what was the employee deprived by the contractor's failure to discharge that duty? In the absence of words imperatively precluding it, the answer should be dictated by those inquiries.
Had the Legislature intended to saddle the contractor with the duty of preventing illegal employment by subcontractors, it would have made the contractor liable even though the subcontractor was insured. On the contrary, the sole responsibility of the contractor relates to the fact of insurance. See Gerber v. Sherman, 120 N.J.L. 237, 241 (Sup. Ct. 1938). If the subcontractor is insured, the contractor has no liability at all. In imposing the liability for extra compensation upon the insured subcontractor (indeed to the exclusion of the carrier) and omitting to impose it also upon the contractor, the Legislature plainly indicated that the onus of illegal employment shall fall upon the subcontractor-employer. The liability imposed upon the contractor arises solely upon the lack of insurance coverage by the subcontractor. Had the contractor seen to it that the subcontractor carried insurance, the illegally employed minor could have looked only to the subcontractor for the extra compensation. The failure of the contractor to see to it that the subcontractor carried insurance is accordingly logically related only to the collection of the normal compensation *323 and logically unrelated to the liability for or the collection of a claim for extra compensation.
Hence the consequence which rationally should flow from the contractor's omission is liability for that which the employee would have had if the subcontractor were insured; and, of course, that liability would be the same liability covered by the insurance carrier and accordingly relates solely to normal compensation.
Judgment for extra compensation against defendant Metropolitan Construction Company is reversed, without costs, and the cause remanded to the Workmen's Compensation Bureau for decision in accordance with the views expressed herein.