GERALD CRAMER, PETITIONER-APPELLANT, v. STATE CONCRETE CORP., RESPONDENT-RESPONDENT.

Argued January 8, 1963—Decided March 18, 1963.

*Mr. Frank P. Lucianna* argued the cause for petitioner-appellant.

*Mr. Arthur F. Mead* argued the cause for respondent-respondent (*Messrs. Mead, Gleeson, Hansen & Pantages,* attorneys).

The opinion of the court was delivered by

WEINTRAUB, C. J.  The question is whether an employee is barred from recovering workmen's compensation under our statute because he obtained an award against his employer in New York.  The Division of Workmen's Compensation and the county court held he was barred.  We certified his appeal before the Appellate Division acted upon it.

The contract of employment was made in this State between parties who were and continued to be residents of this State, the employer being a domestic corporation.  The work was performed in New Jersey or New York depending upon the location of the jobs the employer contracted to do.  The accident occurred at a New York job site.

Upon these facts the employee became entitled to the benefits of the New Jersey compensation law notwithstanding that New York, as the state of accident, might also deem its compensation law to apply.  *Gotkin v. Weinberg,* 2 *N. J.* 305 (1949) ; see *Wilson v. Faull,* 27 *N. J.* 105, 117 (1958) ; *Boyle v. G. & K. Trucking Co.,* 37 *N. J.* 104, 112 (1962). That much is not disputed.  Rather the employer contends the employee lost his right under our statute when he pursued the right afforded by the New York law, and this because of the full faith and credit which the judgment of a sister state must be accorded under *Art.* IV, § 1 of the Constitution of the United States, as implemented by 28 *U. S. C.* § 1738 (1948).

In the New York proceeding brought by the employee, the employer at first disputed jurisdiction and a hearing was directed to that issue.  Ultimately the employer withdrew its defense.  An award was made for $270 for disability between

May 26, 1959, the date of the accident, and July 7, 1959, less a fee of $25 payable to counsel for the employee. The decision reads:

"Case was closed. Accident notice & causal relation established spontaneous pneumothorax. Reimburse claimant $10.00 for drugs etc. No further disability."

In the present proceeding the employee claims 30 percent of total permanent disability, which in dollars would greatly exceed the sum awarded in New York. The employer answers that the employee misunderstands the New York proceeding; that the award thus far made relates solely to the issue of jurisdiction and compensation for the period of medical treatment; that petitioner may still have compensation for the loss of earnings due to the disability, and indeed may ultimately obtain a larger recovery than under our statute.

We are satisfied the New York award was not intended to dispose of the total claim of the employee, but we are unable to say whether the employee will fare better here than there. We do not know what percentage of total disability under our statute will be found at a trial, and even if that figure were fixed, we cannot compare it with the benefits under the New York statute since, while our act compensates for the disability without regard to wage loss, the New York statute compensates only for wage loss caused by the disability, and we can hardly foretell the employee's future earnings. At any rate, for reasons which we will presently state, the controversy does not depend upon a comparison of possible recoveries.

The case turns upon the meaning of *Magnolia Petroleum Co. v. Hunt,* 320 *U. S.* 430, 64 *S. Ct.* 208, 88 *L. Ed.* 149 (1943), and *Industrial Commission of Wisconsin v. McCartin,* 330 *U. S.* 622, 67 *S. Ct.* 886, 91 *L. Ed.* 1140 (1947). The subject is fully explored in 2 *Larson, Workmen's Compensation Law* (1961) § 85, *pp.* 358 *et seq.* We will but summarize what there appears: state courts had generally assumed that successive awards could be had, subject to credit

for moneys paid under the prior award, until *Magnolia* by a vote of 5 to 4 held the first award had to be given full faith and credit. Annotation, 150 *A. L. R.* 431 (1944). That case was quickly questioned by writers on the subject. Four years later *McCartin* was decided. It is now generally agreed that *McCartin* severely limited *Magnolia* by holding that the second state may enforce its own compensation law unless the law of the first state unmistakably provides that a judgment under it shall bar recovery in another state. *Restatement, Conflict of Laws* § 403 (1948 *supp.*); *Goodrich, Conflict of Laws* (3d ed. 1949) § 100, *p.* 289; see also *Yoshi Ogino v. Black,* 278 *App. Div.* 146, 104 *N. Y. S.* 2d 82, 86 (1st *Dept.* 1951), affirmed 304 *N. Y.* 872, 109 *N. E.* 2d 884 (*Ct. App.* 1952).

However, in *Buccheri v. Montgomery Ward & Co.,* 19 *N. J.* 594 (1955), our court, by a vote of 4 to 3, concluded that *Magnolia* and *McCartin* were compatible. Holding the judgment obtained in New York must be deemed to bar recovery here unless the New York statute is "obnoxious to the policy of our act" (*p.* 604), the majority found the acts were "approximately alike in purpose and in the scope of the remedies and relief" (*p.* 605), and accordingly denied an award under our law.

In *Bowers v. American Bridge Co.,* 43 *N. J. Super.* 48 (*App. Div.* 1956), the Appellate Division observed that *McCartin* had generally been deemed to overrule *Magnolia* (*p.* 64), but of course it was obliged to comply with the opinion in *Buccheri*. Noting that the majority there said it was "writing for this case and this case alone" (19 *N. J.,* at *p.* 604), the Appellate Division went to the question whether the prior award in Pennsylvania was "obnoxious to the policy of our act" and found that it was, in part because of a disparity in the sums awarded. We affirmed on the opinion of the Appellate Division. 24 *N. J.* 390 (1957). Upon a like approach subsequent cases found the out-of-state judgment did not bar the employee's right to larger benefits under our law. *Hudson v. Kingston Contracting Co.,* 58 *N. J. Super.* 455

*(Cty. Ct.* 1959) ; *Della Vecchia v. World Scope Publishing Co.,* 64 *N. J. Super.* 333 *(Cty. Ct.* 1960).

We are satisfied we should accept the view, now so widely held, that *McCartin* did in practical effect overrule *Magnolia* and that there is no constitutional barrier to a second proceeding here unless the law of the state of earlier award was unmistakably designed to bar relief under the laws of another jurisdiction. The New York statute does not establish such exclusiveness and accordingly full faith and credit does not require us to deny the employee his rights under our law.

The remaining question is whether as a matter of local law, as distinguished from federal constitutional command, a prior proceeding elsewhere should preclude relief here. We are satisfied that it should not.

The question is not whether an employee should be permitted to bring multiple suits to enforce the same right, but whether his pursuit of a right under the laws of one state should bar the pursuit of a distinct right under the laws of another state. As a matter of fairness the employee should receive "the highest available amount of compensation" to which he is entitled, so long, of course, as credit is given for payments received. *Boyle v. G. & K. Trucking Co., supra* (37 *N. J.,* at *p.* 112). The problem doubtless arises because it is difficult to obtain advice with respect to the laws of all the states involved. It would be unjust to charge a workman with an "election" or "estoppel" because of an uninformed choice. Moreover, our State has a special interest in the enforcement of its own compensation plan, so much so that the parties cannot bargain away any part of the employee's scheduled benefits. *R. S.* 34:15–22 and 39; *Nagy v. Ford Motor Co.,* 6 *N. J.* 341 (1951); *Gotkin v. Weinberg, supra* (2 *N. J.,* at *pp.* 307–08); *Stroebel v. Jefferson Trucking & Rigging Co.,* 125 *N. J. L.* 484, 487 *(E. & A.* 1940). In short the payment of anything less than the employee's full due is repugnant to the policy of our law. For these reasons we should ·not hold that an award elsewhere will deprive the employee of his right to benefits under our statute.

We realize a second proceeding might be prompted, not by the more favorable nature of the authorized benefit, but by mere disappointment in a factual finding in the first litigation. Nonetheless we think it is not feasible to limit the right to maintain the second proceeding to cases in which our statutory scheme provides more liberal treatment. The possibility we have mentioned does invite the question whether a purely factual finding in the earlier litigation should be binding, a question upon which it is unnecessary to intimate a view at this time.

The judgment is reversed and the matter remanded to the Division of Workmen's Compensation for proceedings not inconsistent herewith.

*For reversal* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.