95 N.J. Super. 359 (1967)
231 A.2d 240
EDWARD A. BOEHM, JR., PLAINTIFF,
v.
DR. C. NORMAN WITTE AND JOSEPH A. MELI, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided June 6, 1967.
*360 Mr. Thomas J. Spinello and Mr. E. Bruce Wetzel, Jr. for plaintiff (Messrs. Madnick, Milstein & Mason, attorneys).
Mr. Stephen C. Carton of Carton, Nary, Witt & Arvanitis, for defendant Joseph A. Meli (Messrs. Hanlon, Argeris & Amdur, attorneys; Mr. Robert M. Hanlon, on the brief).
MUCCIFORI, J.C.C. (temporarily assigned).
Plaintiff Boehm was in the employ of Ernest E. Benton on September 15, 1965, on which date he sustained personal injury as a result of an accident arising out of and in the course of his employment. At that time Benton was a subcontractor and Joseph A. Meli was the general contractor, and defendant Witte was the owner of property being renovated. Because of the fact that Benton did not have workmen's compensation insurance, Meli, as the general contractor and under the provisions of the New Jersey Workmen's Compensation Act, became obligated to make payment on the compensation award obtained by Boehm pursuant to N.J.S.A. 34:15-79. The Workmen's Compensation Division entered judgment against Meli and in favor of Boehm on October 14, 1966.
Boehm now brings suit against defendants Witte and Meli alleging negligence, and the issue, therefore, is whether an employee of an uninsured subcontractor who has received a compensation award from a general contractor pursuant to N.J.S.A. 34:15-79 may now maintain a third-party action against such general contractor. A thorough research of New Jersey case law reveals that our courts have not ruled on that issue.
It is plaintiff's contention that the fact that a general contractor becomes liable for workmen's compensation due to a subcontractor's failure to carry compensation insurance does not preclude the injured employee from maintaining a common law third-party negligence action against the general contractor.
Defendant contends that the factual situation here is controlled by Wilson v. Faull, 27 N.J. 105 (1958). Although *361 the court in that case was dealing specifically with the Pennsylvania Compensation Act, it made continuous reference to New Jersey's. From this defendant argues that our Supreme Court indicated that it would under the same set of facts presented therein hold that our Compensation Act would bar such a third-party claim. It is a well settled law in this State that an employee of an insured subcontractor, in addition to his compensation claim against the subcontractor, may maintain a third-party action against the general contractor. Corbett v. Starrett, 105 N.J.L. 228 (E. & A. 1928).
N.J.S.A. 34:15 et seq. has long provided relief for an employee injured on the job. By providing compensation insurance the employer gained immunity from a common law negligence action by the injured employees, and the employee gained assured compensation for injuries regardless of his own negligence.
The Legislature in N.J.S.A. 34:15-79 fixed penalties for the failure to provide the protection prescribed in the Compensation Act. An offender could receive a fine of $1,000 and a jail sentence.
N.J.S.A. 34:15-79 further provided that
"Any contractor placing work with a subcontractor shall, in the event of the subcontractor's failing to carry workmen's compensation insurance as required by this article, become liable for any compensation which may be due an employee * * * of a subcontractor. The contractor shall then have a right of action against the subcontractor for reimbursement." (Emphasis supplied)
This gives a general contractor a statutory remedy against his noncomplying subcontractor. However, the Pennsylvania act, unlike the New Jersey act, provides that the general contractor is primarily liable and the subcontractor secondarily liable for compensation; it also specifically immunizes the general contractor from third-party claims in such cases.
Interpretation of the quoted provision from our act was the basis of a decision in Corbett v. Starrett, Inc., supra.
"It is apparent that the purpose of the amendment was to protect the employee of the subcontractor, and not to impair any of his common-law *362 rights, nor in any way relieve the general contractor from responding for damages caused by his own negligence." (105 N.J.L., at p. 231; emphasis supplied)
Another decision involving a subcontractor without insurance was Gerber v. Sherman, 120 N.J.L. 237 (Sup. Ct. 1938). Referring to the requirements of N.J.S.A. 34:15-79 the court said:
"There is laid upon the contractor, on pain of personal liability, the duty of invoking such measures as may reasonably be deemed necessary to compel the subcontractor to discharge his statutory obligation. It is then within his power to exact from the subcontractor an undertaking to observe the statutory mandate throughout the contract period." (at p. 241)
The Appellate Division was called upon to interpret the statute in Bertucci v. Metropolitan Const. Co., 21 N.J. Super. 318 (1952). The question there was, who was to be responsible for a double compensation award pursuant to N.J.S.A. 34:15-10 by reason of an illegal employment. A contractor and a subcontractor were involved, the latter not carrying insurance. In interpreting the statute the court recognized that
"The draftsman of a statute cannot foresee every specific situation and it is peculiarly the function of the judiciary to solve the questions which arise, not by mechanical correlation of words, but rather by giving to the words used a meaning and significance controlled by the intention of the Legislature as revealed by the underlying scheme." (at p. 322)
In disallowing a double compensation award against the general contractor the court said:
"Had the Legislature intended to saddle the contractor with the duty of preventing illegal employment by subcontractors, it would have made the contractor liable even though the subcontractor was insured." (at p. 322)
The court recognized that the sole responsibility of the contractor related to insurance. It further said: *363 "* * * the consequence which rationally should flow from the contractor's omission is liability for that which the employee would have had if the subcontractor were insured." (at p. 323)
Professor Larson, in 2 Law of Workmen's Compensation (1961 ed.), § 72.31, p. 175, points out that 41 states now have "statutory-employer" or "contractor-under" statutes, i.e., statutes which provide that the general contractor shall be liable for compensation to the employee of an uninsured subcontractor under him doing work which is part of the business, trade or occupation of the general contractor. The rationale is that since the general contractor is thereby, in effect, made the employer for the purposes of the compensation statute, it is obvious that he should enjoy the regular immunity of an employer from third-party suits when the facts are such that he could be made liable for compensation. The foregoing represents the majority view taken by the American courts.[1]
Larson also points out that if the facts necessary to the general contractor's liability are not complete, as when the subcontractor is insured, most courts have held the general contractor remains a third party subject to common law liability.[2]
*364 Larson concludes that these cases test the general contractor's status by his actual relationship to the subcontractor's employee under the given facts  not by his potential liability if, for example, the subcontractor failed to carry insurance. He criticizes this approach arguing that it is rather harsh on the general contractor because the object of the "contractor-under" statutes is to give the general contractor an incentive to require subcontractors to carry insurance. If the general contractor conscientiously insists on this insurance, his reward, under these cases, is loss of exemption from a third-party suit. Larson favors the rule that over-all responsibility of the general contractor for getting subcontractors insured, and his latent liability for compensation if he does not, should be sufficient to remove him from the category of "third party." The contractor is under a continuing potential liability; he has thus assumed a burden, in exchange for which he might well be entitled to immunity from damage suits, regardless of whether on the facts of a particular case actual liability exists. The author, however, concedes that this reasoning does not apply, and the general contractor is rightly deemed suable, when the "contractor-under" statute does not apply at all, because the subcontract is not part of or process in the principal's trade or business. Sears, Roebuck & Co. v. Wallace, 172 F.2d 802 (4 Cir. 1949).
The most extreme holding on this point is the Wisconsin and New York ruling cited by Larson, that "the general contractor remains liable to a common law suit even if he is also liable for compensation, his only comfort being that the amount of the compensation is deducted from the damages to prevent a double recovery. The theory of this extraordinary holding is that the general contractor does not in any sense become the `employer'; he is rather an insurer of the subcontractor's compensation obligations." Larson criticizes this rule as a case of preoccupation with labels at the expense of substance. He contends that where the general contractor, like the immediate employer, is subjected to non-fault liability *365 for compensation, whether one calls him a statutory employer, insurer or anything else, he ought in return to get immunity from damage suits.
In Corbett v. Starrett, supra, the Court of Errors and Appeals was presented with a situation where the subcontractor did have compensation insurance and his injured employee brought a third-party suit against the contractor. The general contractor contended that section 5 of the Compulsory Insurance Act, now R.S. 34:15-79, created the relationship of employer and employee as between a general contractor and an employee of a subcontractor, irrespective of whether the subcontractor had secured compensation insurance. The court, in interpreting Section 5, held that it was never intended to create such a relationship between a person employed by the subcontractor and the general contractor, but that the act required the general contractor to see to it that the subcontractor insures his liability to pay compensation as provided by statute, or the general contractor becomes liable himself to pay it. The court determined that the statute only requires the general contractor to be the guarantor of the obligation of the subcontractor to comply with the Compulsory Insurance Act.
To apply the logical consequences of this interpretation to the present case, the statute specifically provides the general contractor with the remedy of reimbursement from the subcontractor if the latter fails to carry workmen's compensation insurance. By this provision it is apparent that the Legislature never intended to place the general contractor in the position of employer, thus immunizing himself from a third-party negligence action. The reimbursement remedy insures that the contractor will not be liable for double payment. In addition to the reimbursement remedy, R.S. 34:15-40 provides for a crediting to the employer (in this case a general contractor or his carrier who is obliged to pay compensation to an uninsured subcontractor's employee) on account of any compensation payments and medical expenses incurred. This lien provision would additionally protect the general contractor *366 from any double payment. If the subcontractor were in fact insured, the obligation of the general contractor would be only to respond as a third-party defendant. In addition thereto, adoption of defendant's view would lead to the undesirable result whereby an employee of an insured subcontractor could maintain a third-party claim against the general contractor while the employee of an uninsured subcontractor could not. Certainly, uniformity of treatment of injured employees is desirable. Then, too, had the Legislature intended to immunize a general contractor in such a situation it could easily have done so.
The court rejects the argument of Professor Larson. The general contractor is in no way prejudiced by permitting a third-party tort claim against him irrespective of the subcontractor's insurance. If the subcontractor is insured and tort liability exists, the general contractor must pay for his tort liability  a portion of it is paid to the payer of compensation pursuant to R.S. 34:15-79 and the balance, if it exceeds the amount of the compensation lien, to the injured plaintiff-employee. If the subcontractor is uninsured, then in the first instance the general contractor must pay compensation benefits and medical expenses; and if tort liability exists, the general contractor is entitled to the same credit that the subcontractor-employer would have recouped, provided, of course, the general contractor had not already successfully availed himself of his right of reimbursement against the defalcating subcontractor. It is obvious that given the general contractor's statutory obligation to guarantee compensation to the injured employee of a subcontractor, the general contractor finds himself in a no worse position by compelling him also to answer a valid third-party tort claim in such a situation, for his ultimate liability in dollars and cents is the same.
Our Supreme Court in Wilson v. Faull, 27 N.J. 105 (1958), had a fact situation similar to the one in this case. However, there Pennsylvania law was applied to decide the issue, the work having been contracted for in Pennsylvania and the injury having occurred there. The court barred the *367 third-party action by the injured employee, finding that the application of Pennsylvania law was not obnoxious to the public policy of New Jersey. The court did not speculate as to what its decision would have been had the case arisen under New Jersey law. Justice Proctor, however, at the very beginning of his opinion recognized that
"The primary issue presented * * * is one of choice of law between the workmen's compensation acts of New Jersey and Pennsylvania which deal differently with the right of an injured employee of a subcontractor to maintain a common law action against a general contractor * * *." (at p. 771; emphasis supplied)
It is clear from a reading of the above decision that the Pennsylvania Compensation Act differs from ours in the area of contractor-subcontractor relations and responsibilities. The Pennsylvania act specifically provided that acceptance of its provisions operated as a bar to any other form of action. Moreover, under the Pennsylvania statute
"* * * the general contractor is substituted for the subcontractor for compensation purposes and is deemed to enter into an employer-employee relationship with the employees of a subcontractor * * *." (at p. 772)
It is clear that the decision in Wilson is not binding upon the court in the present case.
The New Jersey Legislature has seen fit to provide specifically for third-party actions by enacting N.J.S.A. 34: 15-40. It has also seen fit to provide a remedy to the employee of a subcontractor who does not carry compensation insurance. The general contractor, in turn, has a statutory remedy of reimbursement for any compensation paid out, and if none is forthcoming it certainly would be entitled to credit for such sums paid by virtue of R.S. 34:15-40. In this situation the act should not serve as a bar to a third-party action against the contractor. To grant immunity in this case would clearly be contrary to the intents and purposes of our Workmen's Compensation Act.
*368 The court therefore holds that Wilson v. Faull does not bar an injured employee of an uninsured subcontractor who has received a compensation award from the general contractor pursuant to R.S. 34:15-79 from making a third-party claim against such general contractor.
For the foregoing reasons defendant's motion for summary judgment is denied.
NOTES
[1] Davis v. Starrett Bros., Inc., 39 Ga. App. 422, 147 S.E. 530 (Ct. App. 1929); Gaiennie Co., Ltd. v. Chisolm, Iba, Chisolm & Co., 3 La. App. 358 (Ct. App. 1926); State, to use of Hubert v. Benj. F. Bennett Bldg. Co., 154 Md. 159, 140 A. 52 (Ct. App. 1928); Bunner v. Patti, 343 Mo. 274, 121 S.W.2d 153 (Sup. Ct. 1938); DeLee v. T.J. Pardy Const. Co., 222 App. Div. 374, 226 N.Y.S. 345 (App. Div. 1928); Fox v. Dunning, 124 Okl. 228, 255 P. 582 (Sup. Ct. 1927); Swartz v. Conradis, 298 Pa. 343, 148 A. 529 (Sup. Ct. 1929).
[2] Anderson v. Sanderson & Porter, 146 F.2d 58 (8 Cir. 1945) (applying Arkansas statute); Boyd v. Humphreys, 117 Neb. 799, 223 N.W. 658 (Sup. Ct. 1929); Sayles v. Loftis, 217 N.C. 674, 9 S.E.2d 393 (Sup. Ct. 1940); Blair v. Smith, 201 Ga. 747, 41 S.E.2d 133 (Sup. Ct. 1947); Travelers' Insurance Co. v. Blackburn, 161 Okl. 140, 17 P.2d 467 (Sup. Ct. 1932); Robinson v. Atlantic Elevator Co., 298 Pa. 549, 148 A. 847 (Sup. Ct. 1930); Threshermen's National Ins. Co. v. Ind. Comm., 201 Wis. 303, 230 N.W. 67 (Sup. Ct. 1930); Trumbull Cliffs Furnace Co. v. Shackovsky, 111 Ohio St. 791, 146 N.E. 306 (Sup. Ct. 1924).