125 N.J. Super. 480 (1973)
311 A.2d 754
EUGENE ROBERTS, PETITIONER-RESPONDENT,
v.
UNITED STATES STEEL CORPORATION, FAIRLESS WORKS, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 13, 1973.
Decided November 26, 1973.
*481 Before Judges CARTON, SEIDMAN and GOLDMANN.
Mr. Richard V. Jones argued the cause for appellant (Messrs. Stryker, Tams & Dill, attorneys).
Ms. Ruth Rabstein argued the cause for respondent (Pellettieri & Rabstein, attorneys; Mr. Ira C. Miller, on the brief).
The opinion of the court was delivered by GOLDMANN, J.A.D., Temporarily Assigned.
Respondent Fairless Works appeals from an award in the Workmen's *482 Compensation Division granting petitioner 25% of partial total for loss of the right eye plus 7 1/2% for neuropsychiatric disability. It contends that the compensation judge's determination that the Division had jurisdiction over the employer-employee relationship was erroneous and should be reversed, and that his finding of causal relationship is not supported by sufficient credible evidence in the record.
As to the latter point, we have examined the testimony of the medical experts, as well as that of petitioner and of his witnesses, and find sufficient credible evidence in the whole of the record, giving due regard to the expertise of the compensation judge and his opportunity to assess credibility, to support the result.
Determination of the jurisdictional question requires some reference to the factual background. Petitioner was initially employed by the American Bridge Division of United States Steel Corporation (ABD) in June 1963 and worked there as a grinder until he was laid off in November 1963. ABD is located in Trenton, New Jersey.
During the layoff petitioner went looking for a job and learned from two men at ABD that the Fairless Works, located in Fairless Hills, Pennsylvania, was hiring men. He went there on January 24, 1964 and applied for a job, mentioning that he had worked at ABD in Trenton. Responding to a telegram from Fairless, petitioner went to the Fairless plant on January 30 and was interviewed by a Mr. Starling. Petitioner testified that Starling asked if he would like to work at Fairless and was "willing to transfer." When he answered that he would he was told he would have to sign transfer papers. Starling went on to explain that petitioner would lose job seniority but would retain his pension and vacation rights accrued while at ABD. Petitioner then signed certain required forms and began working a day or two later as a laborer.
*483 Fairless called its Supervisor of Employment Placement and Employee's Services, Edwards, as a witness. He gave the following testimony on direct examination:
Q. Was Mr. Roberts at the time of his hire a transfer from American Bridge Division?
A. Yes, he was.
Q. What were the terms of that transfer from American Bridge?
A. That he transferred to Fairless Works as a full time permanent employee and he relinquished permanently any recall or seniority rights that he may have had at American Bridge Plant, Trenton.
He went on to distinguish petitioner from a newly hired employee; the difference, he said, was that petitioner, at the time he started to work at Fairless, had "continuous service by virtue of his having worked at American Bridge Plant, Trenton, for both pension and vacation purposes." These rights accrued to petitioner by virtue of a labor agreement between respondent and the United Steel Workers of America. Edwards further testified that Exhibit R-1 was a form filled out by every transferee, and that layoffs from one plant are given preference in rehiring at another plant within the corporate complex. Petitioner had been cleared with ABD before starting work at Fairless, and all his records were transferred to Fairless.
It is undisputed that American Bridge and Fairless Works are Divisions of the same company, United States Steel Corporation.
Our Supreme Court has repeatedly approved the legal philosophy that a broad and liberal interpretation should be given to coverage under the Workmen's Compensation Act in order to insure the accomplishment of its remedial goals. Stellmah v. Hunterdon Coop. G.L.F. Serv., Inc., 47 N.J. 163, 169 (1966). Consonant with that philosophy is the holding that our courts will assume jurisdiction in a compensation case where jurisdiction may also rest in another state. The fact that a petitioner might have the right to assert a compensation claim in another jurisdiction, or in fact *484 did assert such a claim, will not in and of itself preclude him from pursuing his remedies in this State. See Bowers v. American Bridge Co., 43 N.J. Super. 48, 65 (App. Div. 1956), aff'd 24 N.J. 390 (1957). See also, Rivera v. Green Giant Co., 93 N.J. Super. 6, 13 (App. Div. 1966), aff'd 50 N.J. 284 (1967); Wilson v. Faull, 27 N.J. 105, 116-117 (1958)
Respondent Fairless contends that petitioner's layoff and subsequent reemployment in Pennsylvania resulted in a new contract of employment made in Pennsylvania, thereby depriving New Jersey of jurisdiction. We cannot agree with that conclusion; in our view there was a continuing employment relation, originating in New Jersey and continuing thereafter in Pennsylvania, thereby supporting the right of our Compensation Division to assert jurisdiction. Cf. English v. Stokes Molded Products, Inc., 43 N.J. Super. 68 (App. Div. 1966), Bowers v. American Bridge Co., above. In accepting petitioner for employment, Fairless spoke of that employment as a transfer from ABD, and petitioner understood that this was so. It is noteworthy that the union agreement under which he was employed provided for the transfer of laid-off employees from plant to plant within respondent's corporate structure, as was the case here. Moreover, an employee who was laid off did in fact have priority reemployment rights. His status as a transferee (as contrasted with a newly hired person) enabled petitioner to transfer his pension, sick leave and vacation rights from ABD to Fairless. Indeed, his entire personnel file accompanied him to Pennsylvania.
In examining the question of continuity of employment, our courts have not been bound by formalistic concepts of contract law. We look to the substance of the employment relationship  not to the form. Traditional contract concepts are not very meaningful when applied to continuing employment. The test is continuity of employment, and not continuity of contract. See 13 Rutgers L.R. 210, 211 (1958).
*485 Fairless relies on Franzen v. E.I. duPont de Nemours and Company, 128 N.J.L. 549 (Sup. Ct. 1942). Although ostensibly factually similar, that case is of questionable validity in light of the current judicial trend of subordinating contract from to substance. Franzen was premised on strict contractual principles, and we accordingly consider it inappropriate as precedent.
Affirmed.