715 A.2d 344

RONALD L. WILLIAMS, PETITIONER–APPELLANT, v. A & L PACKING AND STORAGE, A & L PACKING, ACE MOVING & STORAGE, GLOBAL VAN LINES, INC., ACE MOVING & STORAGE CORP., AND GLOBAL VAN LINES, RESPONDENTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued March 10, 1998—Decided August 12, 1998.

Before Judges DREIER [1], PAUL G. LEVY and WECKER.

*Alvin M. Gross*, argued the cause for appellant (*Gross and Gross*, attorneys; *Amy S. Goldstein*, on the brief).

*Gerard W. Quinn*, argued the cause for respondent Global Van Lines (*Cooper Perskie April Niedelman Wagenheim & Levenson*, attorneys; *Christine M. Cote*, on the brief).

*Peter Verniero*, Attorney General, attorney for respondent New Jersey Uninsured Employers Fund, has not filed a brief.

*Freeman, Barton & Huber*, attorneys for respondents Ace Moving & Storage and Ace Moving & Storage, Corp., have not filed a brief.

The opinion of the court was delivered by

WECKER, J.A.D.

The issue presented by this appeal is whether petitioner Ronald L. Williams' claims under the New Jersey Workers' Compensation Act, including his claim against the Uninsured Employers' Fund pursuant to *N.J.S.A.* 34:15–120.1, are barred by his pursuit of workers' compensation benefits in Pennsylvania arising out of the same injury. The trial court dismissed on the ground that petitioner made an election of remedies by pursuing workers' compen-

---

[1] Judge Dreier did not participate at oral argument, but with the consent of counsel he has been added to this panel.

sation benefits in Pennsylvania. Petitioner appeals that dismissal as well as the denial of his motion for reconsideration. We conclude that petitioner's New Jersey claims are not barred, and we therefore reverse.

A brief procedural history is relevant. Petitioner injured his knee on June 1, 1991, while he was employed as a furniture mover and working on a job in New Jersey. He first filed a workers' compensation claim petition in Pennsylvania against respondent A & L Packing and Storage, a company located in that state. In that petition he alleged that the injury to his knee occurred during the course of his employment with A & L. A Workers' Compensation Judge in Pennsylvania awarded petitioner wage-loss compensation as well as medical expenses and litigation costs. The judge also found that A & L had no workers' compensation insurance at the time of petitioner's work-related injury. A & L declared bankruptcy shortly thereafter, and petitioner has received no payment pursuant to that award.

Petitioner next filed claim petitions in the New Jersey Division of Workers' Compensation against A & L Packing and Storage, A & L Packing, Ace Moving & Storage, Ace Moving & Storage Corporation, Global Van Lines, Inc., and Global Van Lines[2], all arising out of the same injury. Petitioner's motion to join the Uninsured Employers' Fund was granted.

During the course of hearings on his New Jersey petitions, petitioner filed a workers' compensation claim petition in Pennsylvania against respondents Ace and Global, again alleging the same injury. A different Pennsylvania workers' compensation judge ruled on that petition, and found that petitioner had sustained a work-related injury on June 1, 1991, while moving furniture from Flemington to Somerville during the course of his employment as a truck driver for A & L. The judge also found that petitioner was an employee of Ace on that date; that Ace had entered into a

---

[2] The record reveals no explanation for the apparent duplication of names for the three entities involved, which we refer to as A & L, Ace, and Global.

contract with A & L to have A & L employees assist Ace in moving furniture; and that Ace in turn was acting as agent for Global, which had a contractual arrangement with Ace to move goods on Global's behalf. Because neither A & L nor Ace had workers' compensation insurance, and benefits were not recoverable against either, the Pennsylvania judge ordered Global to pay petitioner's temporary disability benefits as well as medical bills and costs of litigation.

The Pennsylvania Workmen's Compensation Appeal Board affirmed the liability decision as to A & L and Ace, but reversed as to Global. The Appeal Board cited, as the determinative elements of a statutory employment relationship, the right to control the work and the manner in which it is performed, and concluded that Global was not petitioner's employer at the time the accident occurred. The Commonwealth Court of Pennsylvania affirmed the Appeal Board's order that Global was not petitioner's employer because it had no control over petitioner's work or the manner in which he performed it.

The New Jersey Workers' Compensation Judge then held that petitioner's New Jersey action was barred because he had made an election of remedies by proceeding in Pennsylvania. Petitioner's claim against the Uninsured Employers' Fund was likewise dismissed.

Petitioner's appeal does not challenge the factual findings of the New Jersey workers' compensation judge, and therefore is not governed by the rule of deference to such findings. *Compare Close v. Kordulak*, 44 *N.J.* 589, 599, 210 *A.*2d 753 (1965). Rather this case requires us to review the judge's legal determinations *de novo. See Perez v. Capitol Ornamental, Concrete Specialties Inc.*, 288 *N.J.Super.* 359, 368, 672 *A.*2d 719 (App.Div.1996) (deference need not be given where the judge has applied the wrong legal principles). *Cf. Manalapan Realty v. Township Committee of Tp. of Manalapan*, 140 *N.J.* 366, 378, 658 *A.*2d 1230 (1995); *Borough of Fort Lee v. Banque National de Paris*, 311 *N.J.Super.* 280, 286, 710 *A.*2d 1 (App.Div.1998). We find no support for the conclusion

that petitioner's claim is barred under the doctrine of election of remedies, or the doctrine of exhaustion of administrative remedies, or under any other rule of preclusion. Our analysis is informed by decisions of both the New Jersey Supreme Court and the United States Supreme Court.

The New Jersey Supreme Court considered whether a prior workers' compensation proceeding that resulted in an award in another state should preclude an employee from seeking workers' compensation benefits under the New Jersey statute. Answering that question in the negative, the Court in *Cramer v. State Concrete Corp.*, 39 *N.J.* 507, 511, 189 *A.*2d 213 (1963), stated:

> The question is not whether an employee should be permitted to bring multiple suits to enforce the same right, but whether his pursuit of a right under the laws of one state should bar the pursuit of a distinct right under the laws of another state. As a matter of fairness the employee should receive "the highest available amount of compensation" to which he is entitled, so long, of course, as credit is given for payments received. The problem doubtless arises because it is difficult to obtain advice with respect to the laws of all the states involved. It would be unjust to charge a workman with an "election" or "estoppel" because of an uninformed choice. Moreover, our State has a special interest in the enforcement of its own compensation plan, so much so that the parties cannot bargain away any part of the employee's scheduled benefits. In short the payment of anything less than the employee's full due is repugnant to the policy of our law. For these reasons we should not hold that an award elsewhere will deprive the employee of his right to benefits under our statute.

[Citations omitted.]

Since *Cramer*, we have on several occasions held that a pending workers' compensation proceeding or award in another state does not bar a workers' compensation proceeding in New Jersey. *See Phillips v. Oneida Motor Freight, Inc.*, 163 *N.J.Super.* 297, 305, 394 *A.*2d 891 (App.Div.1978) (workers' compensation proceeding pending in Pennsylvania was no barrier to workers' compensation claim in New Jersey, even if petitioner's purpose was to seek highest available amount of compensation); *Roberts v. U.S. Steel Corp.*, 125 *N.J.Super.* 480, 483–84, 311 *A.*2d 754 (App.Div.1973) (right to assert workers' compensation claim in another jurisdiction, or assertion of such a claim, will not preclude pursuit of workers' compensation remedies in New Jersey); *Wenzel v. Zantop Air Transport, Inc.*, 94 *N.J.Super.* 326, 331, 228 *A.*2d 104

(Cty.Ct.), *aff'd o.b.*, 97 *N.J.Super.* 264, 235 *A.*2d 29 (App.Div.1967) (receipt of workers' compensation benefits under proceeding instituted in Utah by the employer did not preclude the employee from compensation benefits in New Jersey).

In *Thomas v. Washington Gas Light Co.*, 448 *U.S.* 261, 286, 100 *S.Ct.* 2647, 2663, 65 *L. Ed.*2d 757, 776 (1980), the United States Supreme Court held the following:

> [A] State has no legitimate interest within the context of our federal system in preventing another State from granting a supplemental compensation award when that second State would have had the power to apply its workmen's compensation law in the first instance. The Full Faith and Credit Clause should not be construed to preclude successive workmen's compensation awards.

However, the Court noted that "it is for each State to formulate its own policy whether to grant supplemental awards according to its perception of its own interests." 448 *U.S.* at 285, 100 *S.Ct.* at 2663, 65 *L. Ed.*2d at 775–76. The Court further observed that resolutions of factual matters underlying a judgment must be given the same *res judicata* effect in the forum state as they have in the rendering state. 448 *U.S.* at 281, 100 *S.Ct.* at 2660–61, 65 *L. Ed.*2d at 773. Thus neither federal constitutional principles found in the full faith and credit clause, nor New Jersey's worker's compensation law, bars an award here.

 Neither the full faith and credit issue left open in *Cramer* and resolved by *Thomas,* nor the doctrine of issue preclusion, warrants the dismissal of petitioner's claim against Global pursuant to *N.J.S.A.* 34:15–79. The Pennsylvania appellate court reversed petitioner's workers' compensation award against Global because it found that petitioner was not acting as a statutory employee of Global at the time of the accident. While *Thomas* requires full faith and credit to the Pennsylvania court's determination that there was no employment relationship between petitioner and Global, petitioner's claims against Global in New Jersey rest upon different facts.

*N.J.S.A.* 34:15–79 establishes criminal penalties for an employer's failure to provide workers' compensation insurance or alternative protection for its employees, and further provides:

Any contractor placing work with a subcontractor shall, in the event of the subcontractor's failing to carry workers' compensation insurance as required by this article, become liable for any compensation which may be due an employee or the dependents of a deceased employee of a subcontractor.

The statute is clearly intended to protect the injured employee directly, as well as to create an incentive for general contractors to police their sub-contractors' compliance with the workers' compensation law. *See generally Bertucci v. Metropolitan Const. Co.,* 21 *N.J.Super.* 318, 91 *A.*2d 153 (App.Div.1952).

New Jersey's general contractor liability statute has no parallel in Pennsylvania. Thus the Pennsylvania court's finding that there was no statutory employment relationship did not and could not decide the issue of Global's statutory liability as a general contractor under New Jersey law. Collateral estoppel applies to issues already litigated and determined in the original action between the parties; *res judicata* applies both to issues actually litigated and to those that might have been. *See, e.g., Mazzilli v. Accident & Casualty Ins. Co.,* 26 *N.J.* 307, 139 *A.*2d 741 (1958); *Allesandra v. Gross,* 187 *N.J.Super.* 96, 103–04, 453 *A.*2d 904 (App.Div.1982); *Brae Associates c/o Hertz Realty v. Park Ridge Borough,* 17 *N.J. Tax* 187 (N.J.Tax 1998) ("The doctrine of collateral estoppel precludes the relitigation of issues, whereas res judicata precludes relitigation of judgments."). The Pennsylvania decision cannot be the basis of preclusion either under the doctrine of *res judicata* or collateral estoppel.

Finally, to deny petitioner relief under the New Jersey statute would be contrary to the liberal interpretation our courts traditionally gives to workers' compensation remedies. *See Stellmah v. Hunterdon Coop. G.L.F. Serv., Inc.,* 47 *N.J.* 163, 169, 219 *A.*2d 616 (1966); *Chisholm–Cohen v. County of Ocean, Dept. of Emergency Services,* 231 *N.J.Super.* 348, 350, 555 *A.*2d 713 (App.Div.1989) (quoting *Doe v. St. Michael's Med. Center, Newark,* 184 *N.J.Super.* 1, 4, 445 *A.*2d 40 (App.Div.1982)).

We reverse the dismissals and reinstate petitioner's claims, including his claim against the Uninsured Employer's Fund. We remand for further proceedings consistent with this opinion.